# SEYFARTH ATTORNEYS SHAW LLP



RECEIVED
JAN 22 2008
CHAMBERS OF
THEODORE H. KATZ
U.S. MAGISTRATE JUDGE

620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500
fax (212) 218-5526
www.seyfarth.com

Writer's direct phone
212-218-5629

Writer's e-mail
rwhitman@seyfarth.com

## MEMO ENDORSED

January 18, 2008

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/25/08

BY FACSIMILE (212) 805-7932

The Honorable Theodore H. Katz
Southern District of New York
500 Pearl Street, Room 1660
New York, NY 10007

　　Re:　Scott v. City of New York,
　　　　No. 02-CV-9530 (SAS) (THK)

Dear Judge Katz:

　　Once again we are called upon to respond to a letter from Plaintiffs' counsel about an ostensible "discovery dispute" that they choose to raise with this Court in the first instance rather than with us.

　　Their latest submission, in Mr. Orseck's January 14 letter, is particularly outrageous. Plaintiffs have come to Your Honor not because Defendants have (even allegedly) violated a court order or deadline established by the rules, but because they are upset that we have not provided them with "the courtesy of an acknowledgment" or otherwise been sufficiently communicative. They sprinkle their letter with conclusory accusations and vague requests for "sanctions," but they offer nothing that could possibly substantiate their assertions.

　　Plaintiffs are wasting the Court's time and ours, in the process running up the legal fees for everyone. And ironically, Plaintiffs' rash of letter-writing succeeds only in occupying us with work that could more profitably be done on the underlying tasks themselves.

　　Against that background, we respond to Plaintiffs' points below.

### I. Payroll Questions

　　Plaintiffs are fond of presenting one-sided recitations of all the times we have supposedly ignored them or not responded adequately to their numerous questions concerning payroll codes. We have been through all this with the Court already and presume there is no need to do so again.

　　Plaintiffs' latest submission, however, is telling in at least one key respect. They state that on the last conference call (two weeks ago), Your Honor directed Defendants to respond to their



The Honorable Theodore H. Katz
January 18, 2007
Page 2

payroll-related inquiries by January 11. They then fault us for the fact that, as of January 9, two days *before* that deadline, they had "heard nothing from Defendants about how they intended to respond." We are not aware of any obligation to alert Plaintiffs ahead of a deadline about how we "intend[]" to respond. But when we received counsel's email on January 9, we responded promptly (in fewer than 10 minutes). By coincidence, we had learned earlier that day that Sandra Flythe, the payroll trainer who we believed would be able to help on this, is on an extended leave until February. (Your Honor may recall discussion of Ms. Flythe on the January 4 call.) We then asked the NYPD to begin looking into finding an alternate source of information for Plaintiffs' questions. We gave Plaintiffs a further status report on January 11. As of today, we have not identified a suitable substitute, but we will notify Plaintiffs as soon as we do.

We feel compelled to reiterate that Plaintiffs could have avoided this entire issue if they had bothered to ask Ms. Flythe these payroll-code questions – which they claim date back to 2005 – when they took her deposition in January 2007.

## II. Requests for Admission

Defendants served responses to Plaintiffs' RFAs on December 10, 2007. In a December 19 letter, Plaintiffs stated in a conclusory manner that several of Defendants' responses were "deficient" under Rule 36(a); they did not explain how or why they believed such responses to be deficient. In our response, we did more than simply "stand by our previous RFA responses," as Plaintiffs contend. We asked for clarification from Plaintiffs and invited them to meet and confer with us to discuss any specific issues they had with these responses. We never received a reply – indeed, rather than contacting us to resolve the issue, as we had invited, they chose to bring this issue to Your Honor's attention.[1]

In their current letter to Your Honor, Plaintiffs note – for the first time – several specific examples of Defendants' purportedly "deficient" responses. Defendants maintain that such responses are sufficient under Rule 36, which permits a party to state an objection to the request, to "state in detail why the answering party cannot truthfully admit or deny" a matter, and/or to "qualify an answer or deny only part of a matter." Fed. R. Civ. P. 36(a)(4).

For example, Defendants generally denied Request No. 25(b) because it does not contain an accurate statement with respect to all police officers, but qualified the denial to explain that RMP crews (*i.e.*, patrol officers in cars) are required to acknowledge calls directed to their unit. Similarly, with respect to Request Nos. 23 and 24, Defendants asserted their objections and explained why they could not truthfully admit or deny the request (*i.e.*, because practices regarding

---

[1] Notably, Plaintiffs did not grant us "extensions" to reply to their December 19 letter. Rather, Plaintiffs arbitrarily and unilaterally designated December 28 as the day by which we had to respond to their letter, or else they would move to compel. Because Plaintiffs' letter came during a holiday week during which a number of depositions were being conducted, we advised counsel that we would respond after the January 1 holiday. When Plaintiffs' counsel asked for a date certain for our response, we replied that we would respond by January 8, which we did. This hardly qualifies as "two extensions" being granted to us by Plaintiffs.



The Honorable Theodore H. Katz
January 18, 2007
Page 3

requests to perform overtime and use compensatory time off vary through the NYPD, Defendants cannot simply admit to such a broad and sweeping statement about the "NYPD" as a whole).

Plaintiffs have not offered any other examples or explanations as to how Defendants' responses are supposedly deficient, nor have they responded to the proposals we made in our January 8 letter regarding Request Nos. 12 and 19.

### III. Logs from Precincts

Had Plaintiffs bothered to ask, we would have told them this: the NYPD lawyers have been in touch with the three commands identified in Plaintiffs' January 2 letter, and we are arranging for gathering and copying of the documents at issue. That said, we currently have no reason to believe that these documents are any different from the samples we produced to Plaintiffs in July 2007 from other commands. Plaintiffs have already acknowledged those documents to be of little if any value, and in September 2007 they forewent any further production.

### IV. 30(b)(6) Depositions

Plaintiffs took the 30(b)(6) deposition of Joseph LoDispoto on December 27 and now say they still have certain unanswered questions. They wrote to us on January 7 saying they want other witnesses to answer the questions. They ask the Court to "set a firm date by which [Defendants] will respond" (Letter at 5).

This is hardly a "discovery dispute" worthy of Your Honor's attention. But aside from being brought to the Court prematurely, Plaintiffs' request is wrongheaded on the merits Plaintiffs have not identified any actual deficiency in Mr. LoDispoto's 30(b)(6) testimony. The fact that Mr. LoDispoto did not know the answer to certain questions posed by counsel is neither surprising nor relevant. His obligation was to be prepared to speak for the NYPD on the topics listed on the notice, and he did so. He was not required to anticipate and have answers to every possible question counsel might ask.

What is more, the "follow-up questions" posed by Plaintiffs in their January 7 letter are either completely irrelevant or ambiguous. For example, whether the NYPD had in place "a 15-minute overtime threshold" prior to March 1987 – more than 10 years beyond the relevant time frame in this action – is not significant enough to examine yet another 30(b)(6) witness (in addition to the fact that it is unlikely that any witness with such knowledge could be located). Likewise, the "NYPD's understanding of the requirements that the FLSA imposed with respect to compensation (if any) of increments of overtime of less than 15 minutes" has no bearing on what the NYPD's actual practices are (and about which Mr. LoDispoto testified). Furthermore, it is unclear what Plaintiffs are seeking by asking whether it is the NYPD's policy that "if an officer worked a total of 171 hours, and 10 of those hours were overtime for cash, he would be awarded with non-FLSA overtime for the next 10 hours of overtime he worked for time."

More broadly, Plaintiffs are mistaken in believing that they can keep coming back, again and again, saying they have yet more questions. Mr. LoDispoto's 30(b)(6) testimony – which was

*[Handwritten annotations in right margin:]* Respond to the question assuming it is about this practice occurring in at least some precincts. T.K.

Produce the documents by letter to them February 1) 2008. T.K.



The Honorable Theodore H. Katz
January 18, 2007
Page 4

in part necessitated by Plaintiffs' failure to question him thoroughly in his first deposition in January 2007 – was fully sufficient. There is no justification for further depositions on this topic. Accordingly, to the extent that Plaintiffs' January 7 letter is deemed to constitute a Rule 30(b)(6) notice, Defendants object for the reasons stated herein.

Respectfully submitted,

SEYFARTH SHAW LLP

Robert S. Whitman (RW-1140)

cc:  Gary A. Orseck, Esq. (by fax)
     Thomas Puccio, Esq. (by fax)
     Will Aitchison, Esq. (by fax)

*[Handwritten note:]* Make follow-up 30(b)(6) witnesses available by February 6, 2008. If you need clarification on deposition subjects, or Plaintiffs' speak to counsel. T.K.

1/25/08

**SO ORDERED**

THEODORE H. KATZ
**UNITED STATES MAGISTRATE JUDGE**

NY1 26498521.2