```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
KEENAN SCOTT, THOMAS LOGAN,                    :
JOHN LOOMIS, ROBERT DAVISON and               :
MICHAEL C. DEMARTINO,                          :    02 Civ. 9530 (SAS-THK)
                            Plaintiffs,        :
                                              :
            vs.                               :
                                              :
CITY OF NEW YORK and THE NEW                   :
YORK CITY POLICE DEPARTMENT,                   :
                                              :
                            Defendants.       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## THE PARTIES' PROPOSED JOINT JURY INSTRUCTIONS[1]

The parties to this action, respectfully submit the following proposed jury

instructions pursuant to Rule 51 of the Federal Rules of Civil Procedure:

### Preliminary Jury Instructions

      A.     Nature of Case

      B.     Plaintiffs' Claims and Defendant's Defenses

      C.     Order of Trial

      D.     Objections

      E.     Depositions – Use As Evidence

      F.     Stipulations of Fact

      G.     What is Not Evidence

      H.     Jury Conduct

      I.     Province of Judge and Jury

      J.     Weighing Testimony

---

[1]     The parties reserve the right to amend these proposed jury instructions once the Court has decided the pending plaintiffs' summary judgment motion on damages for the third and fourth claims presented in the amended complaint.

**Final Jury Instructions**

1.   Province of the Court and Jury

2.   Role of The Jury

3.   Evidence - generally

4.   Direct and Circumstantial Evidence

5.   Inferences

6.   Credibility of Witnesses

7.   Prior Inconsistent Statements

8.   Interest in Outcome

9.   Experts

10.  Burden of Proof and Preponderance of the Evidence – General Rule

11.  Substantive Instructions

12.  Right to See Exhibits and Hear Testimony

13.  Duty to Deliberate to Unanimous Verdict

14.  Note Taking by Jurors

15.  Selection of Foreperson

16.  Return of Verdict

17.  Closing Comment

PROPOSED JOINT PRELIMINARY JURY INSTRUCTION A

<u>Nature of Case</u>

[The parties are unable to agree upon an instruction for this point and are each submitting separate instructions under separate cover]

PROPOSED JOINT PRELIMINARY JURY INSTRUCTION B

<u>Plaintiffs' Claims And Defendants' Defenses</u>

[The parties are unable to agree upon an instruction for this point and are each submitting separate instructions under separate cover]

PROPOSED JOINT PRELIMINARY JURY INSTRUCTION C

<u>Procedural History of Case and Order of Trial</u>

As I've explained, the plaintiffs in this case are approximately 16,000 current and former police officers and detectives from the NYPD, and the defendants are the City of New York and the NYPD.   This is a civil case, and the plaintiffs bear the burden of proof on their claims – they must prove each element of their claim by a preponderance of the evidence, a term that I will explain in more detail at the close of trial.  As I also will explain, the defendants bear the burden of proof on certain defenses they have raised.  For now, I just need to explain how this case will proceed:

<u>First</u>, the plaintiffs may make an opening statement outlining their claims and what they expect the evidence will be to support those claims.  The defendants may also make an opening statement, or may defer the making of an opening statement until the conclusion of the plaintiffs' case.  No party is required to make an opening statement.   What is said in opening statements is not evidence but is simply designed to provide you with an introduction as to the evidence which the party making the statement intends to offer during the trial.

<u>Second</u>, the plaintiffs will introduce evidence in support of their claims.  This will be in the form of witnesses who testify and exhibits that are introduced into evidence.  At the conclusion of the plaintiffs' case, the defendants may introduce evidence.   The defendants, however, are not obliged to introduce any evidence or to call any witnesses.  If the defendants introduce evidence, the plaintiffs may then introduce rebuttal evidence.

<u>Third</u>, the plaintiffs and the defendants may present closing arguments as to what they contend the evidence has shown and the inferences which they contend you should draw from the evidence.   What is said in a closing argument, just like what is said in an opening

statement, is not evidence.  The arguments are designed to present to you the contentions of the parties based on the evidence introduced.

Fourth, I will instruct you on the law which you are to apply in reaching your verdict.  It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them based on the evidence in the case.

_____
UNITED STATES DISTRICT JUDGE

GIVEN:_____

REFUSED:_____

MODIFIED:_____

Authority:  3 O'Malley, Grenig & Lee, Federal Jury Practice & Instructions, § 101.02 (5th ed. 2000) (as modified).

PROPOSED JOINT PRELIMINARY JURY INSTRUCTION D

<u>Objections</u>

During the course of the trial, it may happen that counsel for the plaintiffs or the defendants may ask a question or offer an exhibit into evidence, and the other party may object to the question or the offer of that exhibit into evidence.  When an objection is made, it is my duty to rule on that objection according to the law.  If I overrule the objection, the question may be answered or the exhibit received into evidence.  If I sustain the objection, the question cannot be answered and the exhibit cannot be received into evidence.  In either case, the mere fact that the plaintiffs' or the defendants' counsel has made an objection should not influence you in any way.

By overruling an objection and allowing evidence to be introduced over the objection of an attorney, the Court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence.  You, the jurors, are the sole judges of the credibility of all witnesses and the weight and effect of all of the evidence.

On the other hand, if I sustain an objection to a question or the admission of an exhibit, you must ignore that question and must not guess what the answer to the question might have been.  In addition, you must not consider any evidence that I have ordered stricken from the record.

_____
UNITED STATES DISTRICT JUDGE

GIVEN:_____

REFUSED:_____

MODIFIED:_____

Authority: 3 O'Malley, Grenig & Lee, <u>Federal Jury Practice & Instructions</u>, § 101.49 (5th ed. 2000) (as modified).

PROPOSED JOINT PRELIMINARY JURY INSTRUCTION E

Depositions – Use As Evidence

During the trial of this case, certain testimony may be presented to you by way of deposition, consisting of sworn recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case.  Such testimony is entitled to the same consideration, and is to be judged as to credibility, and weighed, and otherwise considered by you, the jury, insofar as possible, in the same way as if the witness had been present, and had testified from the witness stand.

_____
UNITED STATES DISTRICT JUDGE

GIVEN:_____

REFUSED:_____

MODIFIED:_____

Authority:  3 O'Malley, Grenig & Lee, Federal Jury Practice & Instructions, § 105.02 (5th ed. 2000) (as modified).

PROPOSED JOINT PRELIMINARY JURY INSTRUCTION F

<u>Stipulations of Fact</u>

The plaintiffs and defendants have stipulated – that is, they have agreed, that certain facts are not in dispute.  You should, therefore, treat those facts as having been proved. In addition, certain facts have been admitted by either the plaintiffs or the defendants before trial. Again, you should treat those facts as having been proved.


_____
UNITED STATES DISTRICT JUDGE

GIVEN:_____

REFUSED:_____

MODIFIED:_____


Authority:  Model Jury Instructions (Civil) Eighth Circuit § 2.3 (1999) (as modified).

PROPOSED JOINT PRELIMINARY JURY INSTRUCTION G

<u>What Is Not Evidence</u>

I instruct you that in deciding the facts of this case, you are not to consider any of the following as evidence: statements and arguments of counsel for the plaintiffs or the defendants; questions and objections of counsel for the plaintiffs or the defendants; any testimony that I instruct you to disregard, and anything that you may see or hear when the Court is not in session, even if what you see or hear is done or said by one of the parties or by one of the witnesses.

_____

UNITED STATES DISTRICT JUDGE

GIVEN:_____

REFUSED:_____

MODIFIED:_____

Authority:  3 O'Malley, Grenig & Lee, <u>Federal Jury Practice & Instructions</u>, § 101.44 (5th ed. 2000) (as modified).

PROPOSED JOINT PRELIMINARY JURY INSTRUCTION H

Jury Conduct

You will not be required to remain together while the Court is in recess.  It is important, however, that you obey the following instructions during the recesses of the Court:

1.    Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to decide on your verdict.

2.    Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors.  "Anyone else" includes members of your family and your friends.  You may tell people you are a juror, but do not tell them anything else about the case.

3.    Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended.  If someone should try to talk to you about the case during the trial, please report it to me immediately.

4.    During the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case – you should not even pass the time of day with any of them.  Please do not consider it rude because they do not speak to you.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

5.    It is likely that this case will be covered by the media or receive publicity.  Therefore, I instruct you that you are not to read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.  Similarly, if you are contacted by the media regarding this case, I instruct you not to talk to the media before reaching a verdict

6.    Do not do any research, such as checking dictionaries, reference books or the Internet, or make any investigation about the case on your own.

7.      Do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence.

8.      If you need to tell me something, simply give a signed note to the marshal to give to me.

_____
UNITED STATES DISTRICT JUDGE

GIVEN:_____

REFUSED:_____

MODIFIED:_____

Authority:  3 O'Malley, Grenig & Lee, <u>Federal Jury Practice & Instructions</u>, § 101.11 (5th ed. 2000) (as modified).

PROPOSED JOINT PRELIMINARY JURY INSTRUCTION I

<u>Province of Judge and Jury</u>

After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision. You will determine the facts from all the testimony and other evidence that is presented. The conclusion that you reach will be your verdict. You are the sole and exclusive judge of the facts.

The law permits me to comment on the evidence in the case during the trial or while instructing the jury. Such comments are only expressions of my opinion as to the facts. You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of the witnesses.

I shall endeavor to preside impartially and not to express any opinion concerning the facts. Any views of mine on the facts would, in any event, be totally irrelevant. On the other hand, and with equal emphasis, I instruct you that you are bound to accept the rules of law that I will give you whether you agree with them or not.


_____
UNITED STATES DISTRICT JUDGE

GIVEN:_____

REFUSED:_____

MODIFIED:_____


Authority: 3 O'Malley, Grenig & Lee, <u>Federal Jury Practice & Instructions</u>, § 101.10 (5th ed. 2000) (as modified).

PROPOSED JOINT PRELIMINARY JURY INSTRUCTION J

<u>Weighing Testimony</u>

The law does not require you to accept all of the evidence I shall admit, even though that evidence may be competent.  In determining what evidence you will accept, you must make your own evaluation of the testimony given by each of the witnesses, and determine the degree of weight you choose to give to his or her testimony.  The testimony of a witness may fail to conform to the facts as they occurred because he or she is intentionally telling a falsehood, because he or she did not accurately see or hear that about which he or she testifies, because his or her recollection of the event is faulty, or because he or she has not expressed himself or herself clearly in giving his or her testimony.

There is no magical formula by which one may evaluate testimony.  You bring with you to this courtroom all of the experience and background of your lives.  In your everyday affairs you determine for yourselves the reliability or unreliability of statements made to you by others.  The same tests that you use in your everyday dealings are the tests which you apply in your deliberations.  The interest or lack of interest of any witness in the outcome of this case, the bias or prejudice of a witness, if there be any, the appearance or manner in which the witness gives his testimony on the stand, the opportunity that the witness had to observe the facts concerning which he testifies, the probability or improbability of the witness testimony when viewed in the light of all of the other evidence in the case, are all items for you to consider in determining the weight, if any, you will assign to that witness' testimony.

If such considerations make it appear that there is a discrepancy in the evidence, you will have to consider whether the apparent discrepancy may be reconciled by fitting the two stories together.  If, however, that is not possible, you will then have to determine which of the conflicting versions you will accept.

_____
UNITED STATES DISTRICT JUDGE

GIVEN:_____

REFUSED:_____

MODIFIED:_____

Authority:  N.Y. Pattern Jury Instructions 1:8.

PROPOSED JOINT FINAL JURY INSTRUCTION NO. 1

<u>Province of the Court and Jury</u>

Now that you have heard the evidence and the arguments of the parties, it becomes my duty to instruct you as to the applicable law.

It is your duty as jurors to follow the law as I will state it, and to apply that law to the facts as you find them from the evidence in this case.  Do not single out one instruction as stating the law, but consider the instructions as a whole.  You are not to be concerned with the wisdom of any rule of law stated by me, or whether you agree or disagree with any rule of law stated by me.  You must follow and apply the law as I give it to you.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case.  You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be governed by sympathy, prejudice, or public opinion.  The parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.


_____

UNITED STATES DISTRICT JUDGE

GIVEN:_____

REFUSED:_____

MODIFIED:_____


Authority:  3 O'Malley, Grenig & Lee, <u>Federal Jury Practice & Instructions,</u> § 103.01 (5th ed. 2000) (as modified).

PROPOSED JOINT FINAL JURY INSTRUCTION NO. 2

<u>Role of the Jury</u>

As members of the jury, your role is to decide and pass upon the fact issues in the case.  You are the sole  and exclusive judges of the facts.  You must determine the facts from what you consider to be the believable or credible evidence.  You determine the weight and significance of the evidence, both the testimony and the exhibits.  You must decide the credibility and truthfulness of the witnesses.  You must draw whatever reasonable inferences may be drawn from the facts as you find them.  And you have the job of resolving whatever conflicts may exist in the evidence.

With respect to any factual matters, you must rely upon your own recollection of the evidence.  What the parties or attorneys may have said with respect to matters in evidence, whether in questioning witnesses or in argument, is not to be substituted for your own recollection or evaluation of the evidence.  Similarly, anything that I may have said during the trial or during these instructions as to any factual matter is not to be substituted for your own recollection or judgment.  What I say is not evidence.  It is your own independent recollection of the evidence that controls.  Similarly, remember that a question put to a witness is never evidence, only the answer is evidence.  However, you may not consider any answer that I directed you to disregard or that I directed struck from the record.

During the trial, I have been called upon to make rulings on various questions.  There may have been objections or motions may have been made to strike answers.  These are matters of law and you should not consider them.  It is the duty of the attorneys on each side of the case to object when the other side offers testimony or evidence that the attorney believes is not properly admissible.  Therefore, you should draw no inference from the fact that the attorneys objected to specific testimony or evidence.  Nor should you draw any inference from

the fact that I may have sustained or overruled an objection.  From time to time, the attorneys and I may have had side bar conferences and other conferences out of your hearing.  None of these conferences should enter into your deliberations at all.   If at any time I instructed you that the parties stipulated that a fact was true, you must accept that fact as true.

If there was any difference or contradiction between what any lawyer has said and what you decide the evidence showed, or between anything I may have said and what you decide the evidence showed, it is your view of the evidence – not the lawyers' and not mine – that controls.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses.  Those questions were intended only to clarify or to move things along and were not intended to suggest any opinions on my part as to the verdict that you should render or whether any of the witnesses may have been more credible or less credible than any of the other witnesses.  It is important that you understand that I wish to convey no opinion as to the verdict you should render in this case, and that if I did convey such an opinion, you would not be obligated in any way to follow it.

You are to conduct your duty as jurors in an atmosphere of complete fairness and impartiality, without bias, prejudice or sympathy for or against the plaintiffs or defendants.  You are to evaluate the evidence calmly and objectively.  Your verdict must be based solely upon the evidence, or lack of evidence, developed at this trial.

_____
UNITED STATES DISTRICT JUDGE

GIVEN:_____

REFUSED:_____

MODIFIED:_____


Authority: adapted from MFJI, Instruction 71-3, 71-4 and 71-10, and charge of Honorable Shira A. Scheindlin, USDJ, *Mullins v City of New York*, 04 Civ. 2979 (SAS)( S.D.N.Y. August 18, 2008).

PROPOSED JOINT FINAL JURY INSTRUCTION NO. 3

<u>Evidence</u>

The evidence that you are about to consider consists of:

(1)    the sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness;

(2)    any facts to which the lawyers have agreed or stipulated; and

(3)    any fact which I have instructed you to accept as true.


By contrast, the following are <u>not</u> evidence:

(1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing statements, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of the facts controls.

(2) Questions by lawyers are not evidence.  It is the witnesses' answers that are evidence.  Similarly, objections are not evidence.  Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or the Court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4) Anything you may have seen or heard when the Court was not in session is not evidence.  You are to decide the case solely on the evidence received during the trial.

(5) To constitute evidence, exhibits must be received in evidence.  Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witnesses' recollection.

Finally, any statements which I may have made, including statements concerning the quality of the evidence, do not constitute evidence.

_____
UNITED STATES DISTRICT JUDGE

GIVEN:_____

REFUSED:_____

MODIFIED:_____

Authority: adapted from: MFJI, Instructions 74-1 and charge of Honorable Shira A. Scheindlin, USDJ, *Mullins v City of New York*, 04 Civ. 2979 (SAS)( S.D.N.Y. August 18, 2008).

PROPOSED JOINT FINAL JURY INSTRUCTION NO. 4

<u>Direct and Circumstantial Evidence</u>

There are two types of evidence, direct and circumstantial evidence.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally experienced through his own senses – something seen, felt, touched, heard or tasted.  Direct evidence may also be in the form of an exhibit where the fact to be proven is its present existence or condition.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.  There is a simple example of circumstantial evidence which is often used in this courthouse.  Assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume that the courtroom blinds were drawn and you could not look outside.  As you were sitting here, someone walked in with an umbrella that was dripping wet.  Then a few minutes later another person also entered with a wet umbrella.  Now, you cannot look outside of the courtroom and you cannot see whether or nor it is raining.  So you have no direct evidence of that fact.  But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence.  The law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based upon a preponderance of all the evidence presented.

_____
UNITED STATES DISTRICT JUDGE

GIVEN:_____

REFUSED:_____

MODIFIED:_____


Authority: MFJI, Instructions 74-1 and 74-2; *United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711 (1983); and charge of Honorable Shira A. Scheindlin, USDJ, *Mullins v City of New York*, 04 Civ. 2979 (SAS)( S.D.N.Y. August 18, 2008).

PROPOSED JOINT FINAL JURY INSTRUCTION NO. 5

<u>Inferences</u>

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess.  It is a reasoned logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  It is for you, and you alone, to decide what inferences you will draw. So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

The process of drawing an inference from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion which you, the jury, are permitted to draw – but not required to draw – from the facts which have been established by either direct or circumstantial evidence.  In drawing an inference you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

_____

UNITED STATES DISTRICT JUDGE

GIVEN:_____

REFUSED:_____

MODIFIED:_____


     Authority: adapted from: MFJI, Instruction 75-1 (2002); and charge of Honorable Shira A. Scheindlin, USDJ, *Mullins v City of New York*, 04 Civ. 2979 (SAS)( S.D.N.Y. August 18, 2008).

PROPOSED JOINT FINAL JURY INSTRUCTION NO. 6

<u>Credibility of Witnesses</u>

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his testimony.

How do you determine where the truth lies? You should use all the tests for truthfulness that you would use in determining matters of importance to you in your every day life. You should consider any bias or hostility that a witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony.

You should consider the opportunity the witness had to see, hear and know the things about which they testified, the accuracy of their memory, their candor or lack of candor, their intelligence, the reasonableness and probability of their testimony, and its consistency or lack of consistency and the corroboration or lack of corroboration with other believable testimony. You watched the witness testify. Everything the witness said or did on the witness stand counts in your determination, How did the witness appear? What was the witness's demeanor while testifying? Often, it is not what people say but how they say it that moves us.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider, therefore, whether the witness's testimony reflects an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it has to do with an important fact or with only a small detail.

If you find that any witness has willfully testified falsely as to any material fact (that is, as to an important matter), the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything. You are not required, however, to consider such a

witness as totally unworthy of belief.  You may accept so much of the witness's testimony as you deem true and disregard what you feel is false.  As the sole judges of the facts, you must decide which of the witnesses you will believe, what portion of their testimony you accept, and what weight you will give it.

_____
UNITED STATES DISTRICT JUDGE

GIVEN:_____

REFUSED:_____

MODIFIED:_____

      Authority:  charge of Honorable Shira A. Scheindlin, USDJ, *Mullins v City of New York*, 04 Civ. 2979 (SAS)( S.D.N.Y. August 18, 2008); *see also* 3 O'Malley, Grenig & Lee, <u>Federal Jury Practice & Instructions</u>, § 105.01 (5th ed. 2000) (as modified).

PROPOSED JOINT FINAL JURY INSTRUCTION NO. 7

Prior Inconsistent Statements

You have heard evidence that at some earlier time a witness has said or done something that counsel argues is inconsistent with the witness's trial testimony.   A prior inconsistent statement of a witness who is not a party in this case is not evidence you should consider in determining whether plaintiffs have proven their claims or whether the defendants have proven their defenses.   The prior inconsistent statement was placed before you solely for the purpose of attacking the credibility of the witness.   However, a prior statement of a plaintiff *is* evidence if that statement is offered by the defendant.   Likewise, a prior statement of a defendant is evidence if offered by a plaintiff.   You may consider such statements for any purpose, including assessing the credibility of that party as a witness.   Thus, if you find that a witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether there was, in fact, any inconsistency; whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appeals to your common sense.   It is your duty, based upon all the evidence and your own good judgment, to decide how much weight to give to the inconsistency.

_____
UNITED STATES DISTRICT JUDGE

GIVEN:_____

REFUSED:_____

MODIFIED:_____

Authority:  charge of Honorable Shira A. Scheindlin, USDJ, *Mullins v City of New York*, 04 Civ. 2979 (SAS)( S.D.N.Y. August 18, 2008); *see also* MFJI, Instruction 76-5.

PROPOSED JOINT FINAL JURY INSTRUCTION NO. 8

Interest In Outcome

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case.  Such interest in the outcome creates a motivation to testify falsely and may sway a witness to testify in a way that advances the witness's own interest.  **Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony, and accept it with great care.**[2]

Keep in mind, however, that it does not automatically follow that testimony given by an interested witness is to be disbelieved.  There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based upon your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his testimony.

_____
UNITED STATES DISTRICT JUDGE

GIVEN:_____

REFUSED:_____

MODIFIED:_____

Authority: charge of Honorable Shira A. Scheindlin, USDJ, *Mullins v City of New York*, 04 Civ. 2979 (SAS)( S.D.N.Y. August 18, 2008)

_____
[2]     Plaintiffs oppose this language, and defendants seek to have this language included in the charge.

PROPOSED JOINT FINAL JURY INSTRUCTION NO. 9

<u>Expert Witnesses</u>

You have heard testimony from plaintiffs' experts, Dr. Murray Simpson and Dr. John Eterno, as well as defendants' expert Dr. Christopher Erath.   An expert is allowed to express his opinion on those matters about which he has special knowledge and training.

In weighing an expert's testimony, you may consider the expert's qualifications, his opinions, his reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.   You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.   You should not, however, accept the witness's testimony merely because he is an expert. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

You may give the testimony of the expert such weight, if any, that you think it deserves in the light of all the evidence. You may reject the testimony of the expert in whole or in part, if you conclude the reasons given in support of an opinion are unsound or, if you, for other reasons, do not believe the expert witness.   But most importantly, as I have already stated, you should not permit an expert's testimony to be a substitute for your own reason, judgment and common sense.   The determination of the facts in this case rests solely with you.

_____

UNITED STATES DISTRICT JUDGE

GIVEN:_____

REFUSED:_____

MODIFIED:_____

Authority: MFJI, Instructions 76-9 and 76-10.

PROPOSED JOINT FINAL JURY INSTRUCTION NO. 10

Burden of Proof and Preponderance of the Evidence – General Rule

[The parties are unable to agree upon an instruction for this point and are each submitting separate instructions under separate cover]

PROPOSED JOINT FINAL JURY INSTRUCTION NO. 11

<u>Substantive Instructions</u>

[The parties are unable to agree upon instructions for these points and have each submitted separate instructions for these points with the filing of the JPTO – defendants will further submit revised instructions on these points, to address the burden of proof issues discussed between the parties]

PROPOSED JOINT FINAL JURY INSTRUCTION NO. 12

<u>Right to See Exhibits and Hear Testimony</u>

Now, ladies and gentlemen, you are about to go into the jury room and begin your deliberations.  All the exhibits will be given to you at the start of deliberations.  If you want any of the testimony read, you may request that.  Please remember that when you request testimony, the lawyers must agree on what portions of testimony may be called for and, if they disagree, I must resolve those disagreements.  That can be a time-consuming process.  So please try to be as specific as you possibly can in requesting portions of the testimony.

Your requests for testimony – in fact any communication with the Court – should be made to me in writing, signed by your foreperson with the time indicated, and given to one of the marshals in an envelope.  In any event, do not tell me or anyone else how the jury stands on any issue until after a verdict is reached.

_____
UNITED STATES DISTRICT JUDGE

GIVEN:_____

REFUSED:_____

MODIFIED:_____

Authority: charge of Honorable Shira A. Scheindlin, USDJ, *Mullins v City of New York*, 04 Civ. 2979 (SAS)( S.D.N.Y. August 18, 2008); *see also* <u>Federal Jury Practice & Instructions,</u> § 106.08 (5th ed. 2000).

PROPOSED JOINT FINAL JURY INSTRUCTION NO. 13

<u>Duty to Deliberate – Unanimous Verdict</u>

The most important part of this case is the part that you as jurors are now about to play as you deliberate on the issues of fact.  It is for you, and you alone, to decide whether plaintiffs have sustained their burden of proof as I have explained it to you with respect to each of the claims presented.  If you find that that the plaintiffs have succeeded in sustaining their burden on a claim or claims, then you should return a verdict in plaintiffs' favor for that claim or claims.  If you find that plaintiffs failed to sustain their burden on a claim or claims, then you should return a verdict in favor of the defendants for that claim or claims.

I know you will try the issues that have been presented to you according to the oath that you have taken as jurors.  In that oath you promised that you would well and truly try the issues joined in this case and would render a true verdict.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for yourself, but you should not hesitate to change your opinion when convinced it is erroneous.  Every juror should be heard.  No one juror should hold center stage in the jury room and no one juror should control or monopolize the deliberations.  Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight or of evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor of either party, and adopt the conclusion that in your good conscience appears to be in accordance with the truth.

Again each of you must make your own decision about the proper outcome of this case based upon your consideration of the evidence and your discussions with your fellow jurors.

No juror should surrender his or her conscientious beliefs for the purposes of returning a unanimous verdict.

Remember at all times that you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

_____

UNITED STATES DISTRICT JUDGE

GIVEN:_____

REFUSED:_____

MODIFIED:_____

Authority: charge of Honorable Shira A. Scheindlin, USDJ, *Mullins v City of New York*, 04 Civ. 2979 (SAS)( S.D.N.Y. August 18, 2008); *see also* 3 O'Malley, Grenig & Lee, <u>Federal Jury Practice & Instructions</u>, § 106.01 (5th ed. 2000); <u>United States v. Silvern</u>, 484 F.2d 879, 883 (7th Cir. 1973).

PROPOSED JOINT FINAL JURY INSTRUCTION NO. 14

<u>Note Taking by Jurors</u>

I remind you that any notes you may have taken during the trial are simply an aid to your memory.  Because the notes may be inaccurate or incomplete, they may not be given any greater weight or influence than the recollections of other jurors about the facts or the conclusions to be drawn from the facts in determining the outcome of the case.  Any difference between a juror's recollection and a juror's notes should always be settled by asking to have the court reporter's transcript on that point read back to you.  You must base your determination of the facts, and ultimately, your verdict on the court record rather than on any juror's notes.

_____
UNITED STATES DISTRICT JUDGE

GIVEN:_____

REFUSED:_____

MODIFIED:_____

Authority: charge of Honorable Shira A. Scheindlin, USDJ, *Mullins v City of New York*, 04 Civ. 2979 (SAS)( S.D.N.Y. August 18, 2008)

PROPOSED JOINT FINAL JURY INSTRUCTION NO. 15

<u>Selection of Foreperson</u>

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court. The foreperson has no greater voice or authority than any other juror. The foreperson will send out notes and, when the jury has reached a verdict, he or she will notify the Marshal that the jury has reached a verdict.

_____
UNITED STATES DISTRICT JUDGE

GIVEN:_____

REFUSED:_____

MODIFIED:_____

Authority: charge of Honorable Shira A. Scheindlin, USDJ, *Mullins v City of New York*, 04 Civ. 2979 (SAS)( S.D.N.Y. August 18, 2008)

PROPOSED JOINT FINAL JURY INSTRUCTION NO. 16

Return of Verdict

I will give you a verdict form to be filled in by the jury.  The purpose of the questions on the form is to help us – the Court, the attorneys, the plaintiffs and the defendants – to understand what your findings are.  I will hand this form, which contains several questions, to the clerk who will give it to you so that you may record the decision of the jury with respect to the questions asked.

No inference is to be drawn from the way the questions are worded as to what the answers should be.  The questions are not to be taken as any indication that I have any opinion as to how they should be answered.  I have no such opinion and, even if I did, it would not be binding on you.

Before the jury attempts to answer the questions on the verdict form you should read each question completely and make sure that everybody understands each question.  Before you can answer the questions, you should deliberate in the jury room and discuss the evidence that relates to each question that you must answer.  When you have considered a question thoroughly, and the evidence that relates to that question, record the answer to the question on the verdict form I am giving you and move on to the next question.  But before you can record an answer to a question, all jurors must agree to it; your answer must be unanimous.

If at any time you are not in agreement, you are instructed that you are not to reveal the standing of the jurors, that is, the split of the vote to anyone, including the Court, at any time during your deliberation.

_____
UNITED STATES DISTRICT JUDGE

GIVEN:_____

REFUSED:_____

MODIFIED:_____

Authority: charge of Honorable Shira A. Scheindlin, USDJ, *Mullins v City of New York*, 04 Civ. 2979 (SAS)( S.D.N.Y. August 18, 2008)

PROPOSED JOINT FINAL JURY INSTRUCTION NO. 17

<u>Closing Comments</u>

Finally, I say this not because I think it is necessary but because it is the custom in this courthouse: You should treat each other with courtesy and respect during your deliberation.

After you have reached a verdict, your foreperson will fill in the verdict form that has been given to you, sign and date it and advise the Marshal outside your door that you are ready to return to the courtroom.  I will stress that you should be in agreement with the verdict that is announced in court.  Once your verdict is announced by the foreperson in open court and officially recorded, it cannot ordinarily be revoked.

All litigants stand equal in this courtroom.  All litigants stand equal before the bar of justice.  Your duty is to decide between these parties fairly and impartially, to see that justice is done, all in accordance with your oath as jurors.

Members of the jury, I ask for your patience for a few moments longer.  It is necessary for me to spend a few moments with counsel and the reporter at the side bar.  I will ask you to remain patiently in the box, without speaking to each other, and we will return in just a moment to submit the case to you.

Thank you for your time and attentiveness.

_____
UNITED STATES DISTRICT JUDGE

GIVEN:_____

REFUSED:_____

MODIFIED:_____

Authority: charge of Honorable Shira A. Scheindlin, USDJ, *Mullins v City of New York*, 04 Civ. 2979 (SAS)( S.D.N.Y. August 18, 2008)

Dated:        New York, New York
              October  29, 2008

**LAW OFFICES OF  THOMAS P. PUCCIO**
Attorney for Plaintiffs
230 Park Ave.
New York, NY 10169
(212) 883-6383


By:     _____
                Thomas P. Puccio

**MICHAEL A. CARDOZO**
Corporation Counsel of the
   City of New York
Attorney for Defendants
100 Church Street, Room 2-172
New York, New York 10007
(212) 788-0881


By:        s/ James M. Lemonedes
              James M. Lemonedes
            Assistant Corporation Counsel


**ROBBINS RUSSELL ENGLERT ORSECK
    UNTEREINER & SAUBER LLP**
Attorney for Plaintiffs
1801 K Street, N.W.
Suite 411
Washington, D.C. 20006
(202) 775-4500


By:        s/ Gary Orseck
              Gary Orseck
              Damon Taffe

**SEYFARTH SHAW LLP**
Attorney for Defendants
620 Eighth Avenue, 32nd floor
New York, NY 10018
T:  212-218-5500
F:  212-218-5526


By:      s/  Lorie Almon
              Lorie E. Almon
              Jeremi Chylinski


**AITCHISON & VICK, INC.**
Attorney for Plaintiffs
3021 N.E. Broadway
Portland, OR 97232
(503) 282-6160


By:     _____
                Will Aitchison