```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
KEENAN SCOTT, THOMAS LOGAN,                   :
JOHN LOOMIS, ROBERT DAVISON and               :
MICHAEL C. DEMARTINO,                         :
                          Plaintiffs,         :    02 Civ. 9530 (SAS-THK)
                                              :
            vs.                               :
                                              :
CITY OF NEW YORK and THE NEW                  :
YORK CITY POLICE DEPARTMENT,                  :
                                              :
                          Defendants.         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## DEFENDANTS' PROPOSED CONTESTED JURY INSTRUCTIONS[1]

Defendants, the City of New York and the New York City Police Department ("NYPD") (collectively "Defendants"), respectfully submit the following proposed jury instructions[2] pursuant to Rule 51 of the Federal Rules of Civil Procedure:

---

[1]     Defendants reserve the right to amend these proposed jury instructions once the Court has decided the pending plaintiffs' summary judgment motion on damages for the third and fourth claims presented in the amended complaint.

[2]     The parties have submitted, under separate cover, several specific proposed joint jury instructions. As agreed between counsel, and in attempt to assist the Court, the parties are each submitting separate proposed jury instructions on the points that are in dispute. Accordingly, this submission only addresses the issues in dispute between the parties.

## **Preliminary Jury Instructions**

A.    Nature of Case

B.    Plaintiffs' Claims and Defendant's Defenses

## **Final Jury Instructions**

10.    Burden of Proof and Preponderance of the Evidence – General Rule

11.    Substantive Instructions

    A.    Applicable Law – the FLSA

    B.    Plaintiffs' First claim: Denial of Use Claim

    C.    Plaintiffs' Second claim: Forced Accrual (Cap) Claim

    D.    Plaintiffs' Third claim: Failure to Pay (15-Minute) Claim

    E.    Damages - Generally

    F.    Damages – Each Claim

    G.    Liquidated Damages & Defendants' Good Faith

DEFENDANTS' PROPOSED PRELIMINARY JURY INSTRUCTION A

<u>Nature of Case</u>

Members of the jury, we are now going to begin the trial of the case that you heard some details about during the process of jury selection.  Before the trial begins, however, there are certain instructions you should have in order to better understand what will be presented to you and how you should conduct yourself during the trial.

The person who brings a lawsuit is called the plaintiff.  The plaintiffs in this case are approximately 16,000 current and former police officers and detectives from the New York City Police Department.  All plaintiffs are members of one of two unions, either The Police Benevolent Association (which is also known as the "PBA") or the Detectives Endowment Association (which is also known as the "DEA").  These unions have negotiated with the City of New York and entered into collective bargaining agreements with the City of New York, which will have an impact on the claims and defenses presented during this trial.

The party against whom the suit is brought is called the defendant.   The defendants in this case are the City of New York and the New York City Police Department, which I may refer to as the "NYPD."  The NYPD is an agency of the City of New York.

In this lawsuit the plaintiffs have sued the defendants, to recover certain overtime payments and other benefits to which they claim they are entitled under the Fair Labor Standards Act (FLSA), which may be referred to here as the "FLSA" or the "Act."  The defendants assert that plaintiffs are not entitled to additional overtime payments and benefits under the FLSA because they are given all the payments and benefits to which they are entitled under law, and because the alleged additional overtime payments, which plaintiffs seek in this action, are more than covered by other benefits and payments the officers receive under their respective collective

bargaining agreements, which the PBA and DEA have negotiated with the City of New York on behalf of the union members.

_____

UNITED STATES DISTRICT JUDGE

GIVEN:_____

REFUSED:_____

MODIFIED:_____

Authority:  *see generally,* 29 U.S.C. § 207(a); 29 C.F.R. §§ 778.201 et seq

DEFENDANTS' PROPOSED PRELIMINARY JURY INSTRUCTION B

<u>Plaintiffs' Claims And Defendant's Defense</u>

As I just mentioned, this case arises under the Fair Labor Standards Act ("FLSA"). This federal law provides certain protections for employees. For the purposes of this case, the FLSA requires that covered employers, such as the City of New York, must pay a given public employee engaged in law enforcement activities, who works more than 171 hours in a 28-day period, at a rate not less than one and one-half times the normal rate at which the employee is compensated, unless that employee has a collective bargaining agreement which provides for, and the employee agrees to be compensated in compensatory time for such overtime. This is commonly known as time-and-a-half pay or comp-time for "overtime" work. In other words, for every hour worked beyond 171 hours in a 28-day period, the officers should be paid for one-and-a-half hours of work, or allowed to accrue an hour-and-a- half of leave time to be taken in the future.

In this action, the plaintiffs, who are current and former police officers and detectives from the NYPD, have brought a collective action under the FLSA against the City of New York and the NYPD, presenting several claims under the FLSA. As I mentioned, the plaintiffs' unions have entered into collective bargaining agreements (which are often called "CBAs") with the City of New York. These CBAs provide for certain overtime and compensatory time benefits, which are separate from what the FLSA requires. However, these CBAs have an impact on this case for two specific reasons: the cash and compensatory overtime benefits provided for in these agreements can create obligations and increase the amount of money the plaintiffs should receive under the FLSA for cash overtime, which would not otherwise be owed to plaintiffs without these CBA benefits. Moreover, these same provisions

permit the use of certain compensatory time in lieu of cash payments and further create certain credits that can be used by defendants to reduce any alleged underpayment under the FLSA.

You will hear more about these CBAs during the trial and the impact that they have on each of the claims presented in this trial.  I will now briefly detail each of the claims that the plaintiffs are presenting, and that you will need to decide in this trial:

First, the FLSA requires that an employee who has earned FLSA comp time "shall be permitted . . . to use such time within a reasonable period after making the request if the use of the compensatory time does not unduly disrupt" the employer's operations.  The plaintiffs claim that in violation of the FLSA the NYPD denies plaintiffs the opportunity to use accrued compensatory leave within a reasonable time period after the officer requests the chance to use his or her leave time.   The defendants assert that they generally grant requests to use compensatory time within a reasonable period of time, and only deny such requests when the granting of such a request would unduly disrupt the safe and efficient operations of the NYPD.  I will explain more about each of the elements of this claim in the final instructions I give you at the end of this case.

Second, as I mentioned, the FLSA and the collective bargaining agreements between the City of New York and the plaintiffs' unions permit each plaintiff to select whether he or she wants to receive cash or compensatory time in exchange for working overtime.  The plaintiffs claim that the NYPD forces them to accrue certain compensatory time because the NYPD imposes a "cap" on the amount of cash overtime that any officer can receive in a month, which they say violates the plaintiffs' right to choose between cash and compensatory time for FLSA overtime worked.[3]  The defendants deny that there is any such "cap" or that they force

---

[3]      Plaintiffs proposed instructions appear to suggest that there is a separate claim regarding the "Cap-issue", in that plaintiffs assert that, in connection with the so-called "Cap," defendants force plaintiffs who are nearing retirement to accept comp time rather than cash so that their income will be lower in the employee's final year, thus creating certain pension implications.

plaintiffs to accrue any compensatory time, but agree that, for certain *voluntary* overtime, plaintiffs must elect *before* accepting such voluntary overtime to receive compensatory time rather than cash overtime.  Both the FLSA and the collective bargaining agreements between the City of New York and the Plaintiffs' unions permit the NYPD to *offer* overtime assignments based on the precondition that officers who accept such overtime may only receive compensatory time rather than cash for working this voluntary overtime.  The FLSA and the CBAs, however, do not allow an employer to require an employee to work overtime and compel that employee to accept compensatory time rather than cash for such mandatory overtime.  The NYPD denies that it requires officers to accept compensatory time off as compensation for any ordered overtime hours worked beyond 171 hours in a 28-day period.

Finally, the FLSA requires employers to compensate employees, at the overtime rate, for all FLSA overtime.  The plaintiffs claim that they often work up to 15 minutes beyond their scheduled workday, but that the NYPD does not compensate its employees for working overtime unless they work at least 15 minutes past the end of their shift.  Defendants deny that they fail to pay such overtime when it is requested, if indeed plaintiffs actually do work increments of time of less than 15 minutes.  The defendants also assert that they have no legal obligation to pay overtime when less than 15 minutes of extra time has been worked, as such work is "*de minimus,*" and because the CBAs provide for overtime pay only after 15 minutes of work.   The FLSA requires employers to compensate employees for all time worked, except work that is "*de minimus.*"   "*De Minimus*" work is defined as work for insubstantial or insignificant periods of overtime, which cannot as a practical administrative matter be easily or

---

Defendants oppose the presentation of this issue as a separate claim, as it is at best a damage implication of the basic "cap-claim."   Additionally, defendants reserve the right to specifically oppose plaintiffs proposed substantive jury instructions and address the legal issue that plaintiffs are simply not entitled to overtime, and thus an employer can chose to limit overtime (even if it has pension implications) without violating the FLSA.  *See* footnote 22, below.

precisely recorded for payroll purposes.  Again, I will explain more about each of the elements of this claim at the end of the trial when I give you the final jury instructions.

In addition to each of these claims I need to briefly tell you about an affirmative defense that defendants will present in the event you find that there was any violation of the FLSA.  An employer who violates the compensation provisions of the FLSA is liable for both past due wages and, in addition, an equal amount of liquidated damages.  However, if the employer shows that the violation of the FLSA occurred despite the employer's good faith belief that it was complying with the FLSA, then such liquidated damages should not be awarded.  The defendants here assert that they took sufficient steps to comply with the FLSA and believed in good faith that they were complying with the FLSA.  Again, like the plaintiffs' claims, I will explain more about this affirmative defense at the end of the trial when I give you the final jury instructions.

_____
UNITED STATES DISTRICT JUDGE

GIVEN:_____

REFUSED:_____

MODIFIED:_____

Authority: 29 U.S.C. § 255(a); *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 141 (2d Cir. 1999); *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988) ("willful" standard requires a showing "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]"); *Bankston v. Illinois*, 60 F.3d 1249, 1253-54 (7th Cir. 1995); 29 U.S.C. § 216(c); 29 U.S.C. § 260, § 11 of the Portal-to-Portal Act; *Brock v. Wilamowsky*, 833 F.2d 11, 19 (2d Cir. 1987); *Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 907 (3d Cir. 1991); *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1063 n.3 (2d Cir. 1988); *Martin*, 940 F.2d at 907.

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTION NO. 10

Burden of Proof and Preponderance of the Evidence – General Rule

In this case, the plaintiffs have the burden of establishing by a preponderance of the evidence that they are entitled to certain benefits and additional payments for overtime under the Fair Labor Standards Act.  A "preponderance of the evidence" simply means evidence that persuades you that the plaintiffs' claims are more likely true than not true.  In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Now, I know some of you may have served in criminal cases as jurors or you may have watched movies, stage plays and television shows dealing with such cases.  You have heard the expression "proof beyond a reasonable doubt."  Members of the jury, that standard does not apply in a civil case.  That is the standard that is required before anyone can be found guilty of a crime and deprived of his/her liberty.  That is a different standard from what is employed in a civil case.  Put out of your mind any discussion you have heard about proof beyond a reasonable doubt.  The plaintiffs' proof on each issue must appear to your satisfaction to be by a preponderance of the credible evidence.  For their part, the defendants have asserted some affirmative defenses, which I will describe in more detail when I give you instructions on the various claim, and as to these affirmative defenses, it is the defendants who bear the burden of proof.  In either case, when considering whether plaintiffs have met their burden of proof to establish their claims, and when considering whether the defendants have met their burden of proof to establish their affirmative defenses, you should consider whether the party with the

burden of proof established each element of the claim or defense by a preponderance of the evidence.[4]

The credible evidence means the testimony or exhibits that you find worthy to be believed. A preponderance means a greater part of it. That doesn't mean the greater number of witnesses or how much time either side employs in the trial. Rather, the phrase refers to the quality of the evidence, its weight or significance, and the effect it has on your minds.

The law requires that in order for a party to prevail on an issue as to which the party has the burden of proof, the evidence that supports the party's claim on that issue must appeal to you as more nearly representing what took place than the evidence opposed to that contention. If it does not, or if the evidence weighs so evenly that you are unable to say, you must resolve the question against the party that has the burden of proof, in this case, against the plaintiffs and in favor of the defendants.


_____
UNITED STATES DISTRICT JUDGE

GIVEN:_____

REFUSED:_____

MODIFIED:_____


Authority: Fifth Circuit Pattern Instruction 2.20 (1999) (as modified); *Dybach v. State of Florida Dept. of Corrections*, 942 F.2d 1562, 1566 n.5 (11th Cir. 1991); *Dalheim v. KDFW-TV*, 918 F.2d 1220, 1224 (5th Cir. 1990); *Hays v. City of Pauls Valley*, 74 F.3d 1002, 1005 (10th Cir. 1996); MFJI, Instruction 73-2; Adapted from Jury Charge of the Honorable Harold Baer, Jr. in *Hayes v. McGhee*, No. 94 Civ. 6766 (HB) (S.D.N.Y. Apr. 30, 1997).


_____
[4]      The defendants oppose plaintiffs' attempts to impose a heightened burden of proof upon the defendants in establishing their affirmative defenses. A fuller description of this issue is addressed below. *See* footnote 18, below.

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTION NO. 11

A.      Applicable Law – the FLSA

I've already told you a little about the Fair Labor Standards Act – or as it has been referred to throughout trial the FLSA.  Congress enacted the FLSA in 1938 during the depression in order to ensure "a fair day's pay for a fair day's work."[5]   When this Act was applied to municipalities in the 1980s Congress passed the Fair Labor Standard Amendments of 1985, which reduced the costs of the mandatory overtime differential by allowing states and municipalities to provide alternative compensation in the form of compensatory time.[6] Recognizing that "unlike private employers, public employers cannot pass the operating costs associated with overtime pay to consumers,"[7]   Congress implemented a regime designed to balance worker's rights to time-and-a-half compensation for overtime work against states and municipalities needs for operational flexibility and protection of the public fisc.[8]

The FLSA requires that covered employers, such as the City of New York, must pay a given public employee engaged in law enforcement activities, who works more than 171 hours in a 28 day period, at a rate not less than one and one-half times the normal rate at which the employee is compensated, unless that employee has a collective bargaining agreement which provides for, and the employee agrees to be compensated in compensatory time for such

---

[5]     *Scott v City of New York*, 02 Civ 9530 (SAS),slip op. at 20 (S.D.N.Y. Aug. 28, 2008)(hereinafter "*Scott II*")(*citing Chao v Gotham Registry, Inc.*, 514 F.3d 280, 283 (2d Cir 2008)(quoting 81 Cong. Rec. 4983 (1937)(message of President Roosevelt)).

[6]     *Scott II,* slip op. at 21; see, 29 U.S.C. § 207(o); *see also, Christensen v Harris County*, 529 U.S. 576, 578-79 (2000)(laying out the legislative history).

[7]     *Scott II,* slip op. at 21;  *Collins v Lobdell*, 188 F.3d 1124, 1129 (9th Cir. 1999).

[8]     *Scott II,* slip op. at 21; see S. Rep. No. 99-150, a 11 (1985); *see also, Christensen, 529 U.S. at 585.*

overtime.[9]  This is commonly known as time-and-a-half pay or comp-time for "overtime" work which I just mentioned.

In this action, the plaintiffs, who are current and former police officers and detectives from the NYPD, have brought a collective action under the FLSA against the City of New York presenting several claims under the FLSA.  As I mentioned, the plaintiffs' unions have entered into collective bargaining agreements ("CBAs") with the City of New York.  These CBAs provide for certain overtime and compensatory time benefits, which are separate from what the FLSA requires.  The benefits provided in these CBAs, however, do have an impact on the claims presented here, as will be more detailed in my discussion of each individual claim. Now let's turn to the three claims you are being asked to decide in this trial.

_____

UNITED STATES DISTRICT JUDGE

GIVEN:_____

REFUSED:_____

MODIFIED:_____

---

[9]      29 U.S.C. § 207(a)(1), (k); 29 C.F.R. § 553.230(b).

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTION NO. 11

B.      Plaintiffs' First Claim:  Denial of Use Claim

The plaintiffs' first claim in the case is that the defendants routinely do not permit officers and detectives to use their comp time as required by federal law.  Defendants deny this claim and assert that the plaintiffs are generally given the compensatory time they request, and are denied compensatory time only when permitting such compensatory time would result in an undue disruption of NYPD's operations.

The FLSA requires that an employee who has earned FLSA comp time "shall be permitted . . . to use such time within a reasonable period after making the request if the use of the compensatory time does not unduly disrupt" the employer's operations.[10]  This does not mean that employees can "dictate a specific date on which they may use their [compensatory time off]," and "employers are not obligated to grant compensatory time on the precise day an employee requests it."[11]  Rather, the law requires only that an employee "who has requested the use of such compensatory time . . . be permitted . . . to use such time within a reasonable period after making the request if the use of the compensatory time does not unduly disrupt the operations of the public agency."[12]

In considering this claim you will need to address **two issues**: First, whether plaintiffs have proven by a preponderance of the evidence that the NYPD routinely denied their applications to use compensatory time within a time period reasonably close to the date(s)

---

[10]      29 U.S.C. § 207(0)(5).

[11]      *Mortensen v. City of Sacramento*, 368 F.3d 1082, 1087 (9th Cir. 2004); *Scott v City of New York*, 02 Civ 9530 (SAS),slip op. at 31 (S.D.N.Y. Aug. 28, 2008)(hereinafter "*Scott II*").

[12]      29 U.S.C. § 207(o)(5)(B)); *see also Scott v. City of New York*, 340 F. Supp. 2d 371, 376 (S.D.N.Y. 2004) (hereinafter "*Scott I*").

requested.[13]  In considering this issue, you should look at all the facts concerning the denials of the requested compensatory time.  "Whether a request to use compensatory time has been granted within a 'reasonable period' will be determined by considering the customary work practices within the agency based upon the facts and circumstances" at the NYPD during the time in question.[14]

   If, and only if, you find that plaintiffs have proven that they were routinely denied requests for compensatory time within a time period reasonably close to the date(s) requested, then you need consider the **second** issue: whether the defendant has proven by a preponderance of the evidence that the denials in question were made to avoid undue disruption of the NYPD's operations.[15]  An undue disruption occurs when granting an employee's request to use comp time off would impose an unreasonable burden on the employer's ability to provide services of acceptable quality and quantity for the public during the time requested without the use of the employee's services.[16]  In considering this issue, I instruct you that "[m]ere inconvenience to the employer is an insufficient basis for denial of a request for compensatory time off."  I further instruct you that you may consider the financial burden the public employer may be forced to endure in permitting compensatory time, but "a financial burden … does not on its own[] rise to the level of an undue disruption."[17]  Thus, the financial burden is only one aspect of the test in determining undue disruption.  Indeed, all circumstances should be considered when considering this issue.

---

[13] *Scott I*, 340 F. Supp. 2d at 380.

[14] *Scott II,* slip op. at 31.

[15] 29 U.S.C. § 207(o)(5); *Thomas v. Speedway SuperAmerica, LLC*, 506 F.3d 496, 501 (6th Cir. 2007); *Fowler v. Incor*, 279 Fed. Appx. 590 (10th Cir. 2008)

[16] 29 C.F.R. § 553.25(d).

[17] *Scott II,* slip op. at 32 (*quoting Parker v City of NY*, 04 Civ, 4476, 2008 WL 2066443, at 7 (S.D.N.Y. May 31, 2008)).

Should you find that plaintiffs have failed to meet their burden (to show that the defendants' routinely denied their applications to use compensatory time within a time period reasonably close to the date(s) requested), then you do not need to consider the second issue (undue disruption) and you must find in favor of defendants on this claim.  Should you find that plaintiffs have met their burden of proof but defendants have not meet their burden of proof (to show that the denials of requests to use compensatory time were made to avoid undue disruption of the NYPD operations), then you must find in favor of plaintiffs. Again, in either case, when considering plaintiffs' burden to show the denials of compensatory time, and defendants' burden to show undue disruption, you must consider the standard of a preponderance of the evidence, as I've described above.[18] Should you find that plaintiffs have met their burden of proof and that

---

[18]     Defendants specifically oppose plaintiffs' assertion that there is some higher burden – "clear and affirmative evidence" – placed upon an employer in establishing "undue disruption." The only authority cited by plaintiffs on this point are inapposite as they concern establishing an FLSA exemption (as was done in *Mullins*), not the "undue disruption" defense and the cases have made clear that the proper standard is "preponderance of the evidence." *See, e.g., Duybach State of Fla. Dept. of Corrections*, 942 F.2d 1562, 1566 n. 5 (11th Cir 1991)("The employer has the burden of establishing by a preponderance of the evidence that it is entitled to a benefit of an exemption under section 213(a)(1); *Dalheim v KDFW-TV*, 918 F.2d 1220, 1224 (5th Cir. 1990)("The § 13(a)(1) exemptions are 'construed narrowly against the employer seeking to assert them,' and the employer bears the burden of proving that employees are exempt."); *Hays v. City of Pauls Valley*, 74 F.3d 102, 1005 (10th Cir. 1996)("the defendant bears the burden of proving that an employee falls within a FLSA exemption"). Indeed, defendants are not aware of any model instruction that incorporates a "clear and affirmative evidence" burden of proof, yet plaintiffs - without citation - suggest that this phrase should be interpreted as "clear and convincing." Where courts do use a "clear and affirmative" standard, they make clear that it is simply another way of saying "preponderance." *See Fowler v. Incor*, 279 Fed.Appx. 590, at *1 (10th Cir. May 12, 2008) ("Our use of 'clear and affirmative evidence' has lead to confusion whether this in fact means clear and convincing evidence - a burden beyond the preponderance of evidence standard traditionally applied in civil cases. This is not the case; instead, clear and affirmative evidence is simply an 'invocation of the familiar principle of statutory interpretation that exemptions from a statute that creates remedies that should be construed narrowly.'")(citations omitted); *Thomas v. Speedway SuperAmerica*, 506 F.3d 496, 502 (6th Cir. 2007) ("We clarify here that the phrase 'clear and affirmative evidence' does not heighten [the defendant's] evidentiary burden when moving for summary judgment. The word 'clear,' as used in this phrase, traces to the 'clearly erroneous' Rule 52(a) standard, but that standard is inapposite to our current review of a motion for summary judgment.  And because establishing the applicability of an FLSA exemption is an affirmative defense, [the defendant] has the burden to

defendants have also met their burden of proof, then you must find in favor of defendants on this claim.

_____
UNITED STATES DISTRICT JUDGE

GIVEN:_____

REFUSED:_____

MODIFIED:_____

---

establish the ... elements by a preponderance of the evidence.") (quoting _Renfro v. Indiana Michigan Power Co._, 497 F.3d 573, 576 (6th Cir.2007)).

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTION NO. 11

C.      Plaintiffs' Second Claim:  Denial of Use Claim (Cap Claim)

Plaintiffs' second claim in this case charges that the NYPD improperly denies officers and detectives their choice of whether to be compensated for FLSA overtime in cash or comp time, and this alleged cap on overtime harms them in two different ways:  (1) plaintiffs are forced to receive compensatory time through the existence of this so-called "cap" on cash overtime of 35 hours per month; and (2) the NYPD forces officers in the year prior to their retirement to receive compensatory time rather than cash for overtime hours worked. Defendants assert that there is no official or unofficial cap on cash overtime, either on a monthly or a retirement basis.  Rather, while the NYPD does monitor the amount of cash overtime received by officers, such monitoring is simply a management tool to ensure that overtime is not abused and that opportunities for voluntary overtime assignments are equitably distributed.

It is undisputed that the collective bargaining agreements (CBAs) between the plaintiffs' unions and the defendant provide that overtime "shall be compensated for either by cash payment or compensatory time off . . . at the sole option of the employee."[19]  It is further undisputed that the NYPD offers some overtime assignments based on the precondition that officers agree to be compensated in compensatory time, rather than cash.[20]    Nothing in the CBAs or the FLSA prohibits the NYPD from *offering* overtime assignments based on the precondition that officers who accept the offer may only receive compensatory time.[21] Moreover, neither the FLSA nor any other federal law provides that an employee has any right or entitlement to overtime, and an employer is free to limit the number of hours that employees

---

[19]     *Scott I*, 340 F. Supp. 2d at 374.

[20]     *Scott II*, slip op. at 39.

[21]     *Id.* at 40

work.[22]  If, however, the NYPD has forced plaintiffs to work overtime and compelled plaintiffs to accept compensatory time rather than allowing the officers the option of choosing between cash and compensatory time cash for such mandatory overtime, then defendant would have violated the FLSA.

In order to prove their Cap Claim, plaintiffs must prove by a preponderance of the evidence that the NYPD compels plaintiffs to work mandatory overtime while prohibiting plaintiffs from electing to be paid in cash for such mandatory overtime.  If you find that the NYPD does not compel such mandatory overtime, but only offers certain overtime assignments on the precondition that the officers who accept the offer may only receive compensatory time, then you must find for the defendants.

_____

UNITED STATES DISTRICT JUDGE

GIVEN:_____

REFUSED:_____

MODIFIED:_____

_____

[22]     *Caniello v. City of New York*, 2001 U.S. Dist. LEXIS 20, 2001 WL 11061, *1 (S.D.N.Y. Jan. 4, 2001)(dismissing a § 1983 claim, in which plaintiff, an emergency medical specialist ("EMS") with the NYFD, claimed he was deprived of overtime when he was placed on a desk assignment.   The District Court explained: "Courts, including those of this Circuit, have consistently held that the right to work overtime is not a constitutionally protected property interest." Moreover, the Court held although "FDNY's mandatory overtime rules created a unilateral *obligation* on the plaintiff to work overtime rather than an obligation on the FDNY to provide overtime work and overtime compensation to him."   Indeed, the Court observed: "Although plaintiff has alleged that the FDNY can demand overtime work of EMSs as needed and that EMSs can be disciplined for refusing overtime work, he has not (and presumably cannot) allege that EMSs can demand overtime work from the FDNY, even where it is not needed."); *Dones v. City of New York*, 07 Civ 3085 (SAS), 2008 U.S. Dist. LEXIS 53681 (S.D.N.Y July 9, 2008)(granting summary judgment to dismiss plaintiff's due process claims regarding the loss of his particular assignment and overtime); *Cassidy v Scoppetta*, 365 F. Supp. 2d 283, 287 (S.D.N.Y. 2005)("Every court in this circuit that has considered the issue of whether there exists a constitutionally protected property interest in overtime pay has answered in the negative, and with good reason"); *Christensen v. Harris County*, 529 U.S. 576, 585 (2000) ("employers remain free under the FLSA to decrease the number of hours that employees work").

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTION NO. 11

D.     Plaintiffs' Third Claim: Failure To Pay Claim (15-Minute Claim)

Plaintiffs' Third claim in this action asserts that occasionally they work up to 15 minutes beyond their scheduled tours/workday, for which they do not receive cash overtime. Defendants assert that plaintiffs' allegations are unfounded for various factual and legal reasons.

The FLSA requires employers to compensate employees for all time worked, and "[a]n employer may not arbitrarily fail to count as hours worked any part, however small, of the employees' fixed or regular working time or practically ascertainable period of time he is regularly required to spend on duties assigned to him.[23]   However, "insubstantial or insignificant periods of time beyond the scheduled working hours, which cannot as a practical administrative matter be precisely recorded for payroll purposes, may be disregarded."[24]  This is referred to as the "*de minimis* doctrine," which excludes "only a few seconds or minutes of work beyond the scheduled working hours."  "It is only when an employee is required to give up a substantial measure of his time and effort that compensable working time is involved."[25]

In order to prove their failure-to-pay claim, plaintiffs must prove, by a preponderance of the evidence, that:  (1) they actually worked beyond their scheduled tour;  (2) the total time worked within a defined 28-day period, including the time worked beyond their tour, totaled in excess of 171 hours; (3) they actually reported such time past their tour to the NYPD;  (4) in reporting such time beyond their tour, they selected the option to be paid cash for

---

[23]     *Scott II,* slip op. at 27; *see Tennessee Coal, Iron & R.R.Co. v Muscoda Local No. 123,* 321 U.S. 590, 602 (1944); 29 C.F.R. § 785.47.

[24]     29 C.F.R. § 785.47.

[25]     *Singh v City of New York*, 524 F.3d 361, 371-72 (2d Cir 2008)(*quoting, Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692, 66 S. Ct. 1187, 90 L. Ed. 1515 (1946)).

such FLSA overtime; and (5) the defendant denied their request for such cash overtime.   If you find that plaintiffs have not established each of these elements by a preponderance of the evidence, then you must find for the defendants.

If you find that plaintiffs have met their burden of proof, you must then consider whether defendants have shown, by a preponderance of the evidence, that even if they failed to compensate plaintiffs for time less than 15 minutes worked past their tour, such time can be deemed *de minimis*.[26]  In considering the *de minimis* doctrine, you should consider several factors, including: (1) how administratively difficult it is to measure and record the time; (2) the aggregate amount of time that is uncompensated; and (3) whether the uncompensated working time is a regular occurrence.[27]   These factors should be examined in concert and are balanced; they are not independent preconditions such that each must be established to apply the *de minimis* doctrine.[28]   Thus, again, you need to examine all the circumstances in determining whether the time in question was actually *de minimis*. If you find that defendants have demonstrated by a preponderance of the evidence that any allegedly uncompensated time is *de minimis*, then you must find in favor of the defendants on this claim.

---

UNITED STATES DISTRICT JUDGE

GIVEN:_____

REFUSED:_____

MODIFIED:_____

---

[26]     *Reich v. New York City Transit Auth.*, 45 F.3d 646 (2d Cir. 1995) (holding that additional compensable work was *de minimis*); *Singh*, 2008 U.S. App. LEXIS 9228, at *22-*23 (finding additional commuting time *de minimis*); *Lindow v. United States*, 738 F.2d 1057 (9th Cir. 1984) (activities performed on irregular basis were *de minimis* and therefore not compensable).

[27]     *See Reich*, 45 F.3d at 653.

[28]     *Scott II,* slip op. at 28 (*citing Singh*, 524 F.3d at 371-72; *Gorman v Consolidated Edison Corp.*, 488 F.3d 586, 594 n. 7 (2d Cir 2007)).

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTION NO. 11

### E.      Damages - generally

If you find that plaintiffs have carried their burden of proving, by a preponderance of the evidence, that the defendants violated the FLSA in one of the specific claims I've discussed, you may consider the amount of damages which will fairly and reasonably compensate the plaintiffs for those injuries they sustained as a result of that violation.

The fact that I am giving you instructions on the subject of damages should not be construed by you as indicating that I believe you should find for the plaintiffs. That's entirely up to you. As a Judge, I am required to instruct all juries on damages in all cases whether or not there is merit to a plaintiff's claims.

You may not presume that a plaintiff has been damaged. The burden is on the plaintiff to prove each item of his damages by a preponderance of the evidence. A plaintiff is not required to prove the amount of his damages with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. At the same time, the damages you award must be based on the evidence presented at trial, not on speculation or guesswork. The plaintiff has an obligation to show sufficient facts and circumstances to permit you to make a reasonable estimate of each item of damages. If the plaintiff fails to do that, the plaintiff cannot recover for that item of damage.

In determining the amount of damages, you must exercise good judgment and common sense. The purpose of a damage award is to make a plaintiff whole - that is, to compensate him or her for the injuries, if any, which resulted from the defendants' violation of the plaintiff's rights. The damages that you award should be fair and reasonable, neither inadequate nor excessive.

_____

UNITED STATES DISTRICT JUDGE

GIVEN:_____

REFUSED:_____

MODIFIED:_____


Authority: <u>See</u> The Honorable William C. Connor's Jury Instructions in <u>*Bell v. Maxwell*</u>, 83 Civ. 7415 (WCC).

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTION NO. 11

F.      Damages – each claim

Now that I've addressed the general instructions on damages, I will give you some additional instructions to assist you to measure the damages for each of the claims that plaintiffs present in this case:

**1.      Measure of Damages for the First Claim – Denial of Use Claim**

For the first claim, the "Denial of Use Claim," the measure of damages is the value of the banked compensatory time that plaintiffs sought to use but were denied usage within a reasonable time period of the requested date, for reasons other than an undue disruption.[29]

**2.      Measure of Damages for the Second Claim  – Cap Claim**

For the second claim, the "Cap Claim," the measure of damages is the cash value of the banked compensatory time that plaintiffs were forced to accrue because they were forced to accept compensatory time rather than cash for mandatory overtime assignments.

**3.      Measure of Damages for the Third Claim – Failure to Pay Claim (15-Minute Claim)**

For the last claim, the "Failure to Pay or 15-Minute Claim," the measure of damages is 1.5 times the regular rate for each period of FLSA overtime under 15 minutes that plaintiffs worked and for which they submitted an overtime voucher, but for which they did not receive overtime compensation.

---

[29]     *Lupien v. Marlborough*, 387 F.3d 83 (1st Cir. 2004);  *O'Brien v. Town of Agawam*, 491 F. Supp. 2d 170, 176 (D. Mass. 2007)

_____
UNITED STATES DISTRICT JUDGE

GIVEN:_____

REFUSED:_____

MODIFIED:_____

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTION NO. 11

G.      Liquidated Damages & Defendants' Good Faith

**A.      Statute of Limitations**

The FLSA provides for a two-year period of damages.[30]  Only if, and when, a "willful violation" is found may plaintiffs recover over a three-year period.  To establish entitlement to this expanded recovery period, there must be a determination that defendants knew or showed reckless disregard for whether their conduct was prohibited by the FLSA.[31]

If you find that plaintiffs have proven, by a preponderance of the evidence, that defendants' conduct was willful, *i.e.*, that they did not act in good faith and that they did not take numerous steps to ensure compliance with the FLSA, then each plaintiff is entitled to damages based upon defendants' violations dating back three years before that plaintiff joined this lawsuit, and continuing through April 4, 2008.  If you do not find that defendants acted willfully, then each plaintiff is entitled to damages based upon defendants' violations dating back only two years before that plaintiff joined this lawsuit.[32]

**B.      Liquidated Damages**

An employer who violates the compensation provisions of the FLSA is liable for both past due wages and, in addition, an equal amount of liquidated damages.[33]  However, liquidated damages may be reduced or eliminated if the employer shows that the act or omission

---

[30]      29 U.S.C. § 255(a); *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 141 (2d Cir. 1999).

[31]      *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988) ("willful" standard requires a showing "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]")

[32]      29 U.S.C. § 255(a); *Bankston v. State of Illinois*, 60 F.3d 1249, 1253-54 (7th Cir. 1995).

[33]      29 U.S.C. § 216(c).

giving rise to such action was in good faith and that the employer had reasonable grounds for believing that its act or omission was not in violation of the FLSA.[34]   In this case, defendants must show, by plain and substantial evidence, that they acted in good faith and with objective reasonableness in believing that they were in compliance with the FLSA.[35]

For purposes of the FLSA, liquidated damages are not a sum certain.  Rather, they are an award of special or exemplary damages added to normal damages to compensate employees for losses they suffered as a result of not receiving their lawful wage at the time it was due.[36]

To establish good faith, defendants must demonstrate that they took active steps to  ascertain the dictates of the FLSA and then moved to comply with them.[37]

_____

UNITED STATES DISTRICT JUDGE

GIVEN:_____

REFUSED:_____

MODIFIED:_____

_____

[34]     29 U.S.C. § 260, § 11 of the Portal-to-Portal Act.

[35]     *Brock v. Wilamowsky*, 833 F.2d 11, 19 (2d Cir. 1987); *Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 907 (3d Cir. 1991).

[36]     *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1063 n.3 (2d Cir. 1988); *Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 907 (3d Cir. 1991)

[37]     *Reich v. Southern New Eng. Telcoms. Corp.*, 121 F.3d 58 (2d Cir. 1997); *Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 906 (3d Cir. N.J. 1991)

Dated:     New York, New York
             October  29, 2008

**SEYFARTH SHAW LLP**
Attorney for Defendants
620 Eighth Avenue, 32nd floor
New York, NY 10018
T:  212-218-5500
F:  212-218-5526

**MICHAEL A. CARDOZO**
Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street, Room 2-172
New York, New York 10007
(212) 788-0881

By:  _____ s/ Lorie E. Almon _____
           Lorie E. Almon
           Jeremi Chylinski

By:  _____ s/   James M. Lemonedes _____
           James M. Lemonedes
           Assistant Corporation Counsel