# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

|   |   |
|---|---|
| KEENAN M. SCOTT, THOMAS LOGAN, JOHN LOOMIS, ROBERT DAVIDSON, and MICHAEL C. DEMARTINO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, <br><br> Defendants. | Civil Action No. 02 CV 9530 (SAS) |

## PLAINTIFFS' TRIAL MEMORANDUM OF LAW

Thomas P. Puccio
LAW OFFICES OF THOMAS P. PUCCIO
230 Park Avenue
New York, NY 10169
(212) 883-6383

Gary A. Orseck
Lawrence S. Robbins
Damon W. Taaffe
ROBBINS, RUSSELL, ENGLERT,
 ORSECK, UNTEREINER & SAUBER LLP
1801 K Street, N.W., Suite 411
Washington, D.C. 20006
(202) 775-4500

Will Aitchison
AITCHISON & VICK, INC.
3021 N.E. Broadway
Portland, OR 97232
(503) 282-6160

*Counsel for Plaintiffs*

Date:   November 10, 2008

Plaintiffs initially suggested three topics for their trial memorandum: (1) Whether liquidated damages should be decided by the court or the jury; (2) Whether submitting requests for payment is a prerequisite for compensation under the FLSA; and (3) What quantum of proof defendants must submit to establish their "undue disruption" defense on plaintiffs' claim that defendants improperly deny plaintiffs' requests to use compensatory time off.

Defendants have now agreed with plaintiffs' position that the court, and not the jury, should decide the liquidated damages issue. This memorandum will address the remaining two issues plaintiffs proposed for briefing.

### A. Submitting Overtime Requests Is Not A Prerequisite To Compensation Under the FLSA.

Count V of plaintiffs' complaint alleges that defendants do not compensate plaintiffs for overtime unless plaintiffs work 15 minute or more of it. Defendants have submitted a Jury Instruction contending that plaintiffs are only entitled to damages on Count V if they prove that they "actually reported" such time to the NYPD and "selected the option to be paid cash for such FLSA overtime." Defendants' Proposed Jury Instruction #11D. This argument ignores both the facts and long-standing caselaw under the FLSA.

There is no rule that an employee must either "actually report" time worked or request cash compensation for the work in order for an employer to be legally obligated to compensate the employee for the work. Rather, an employer is liable under the FLSA for any time it requires or "suffers or permits" the employee to work. 29 U.S.C. §§ 203(e)(1), 203(g) (1982 & Supp. III 1985); *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1058 (2d Cir. 1988). In 29 C.F.R. § 785.13, the DOL is forceful on the issue:

> "In all such cases it is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so."

Even an employer that specifically warns its employees both in writing and orally – neither of which NYPD has done here – that they should not work overtime without permission is still liable to compensate employees if it has any reason to know employees are performing the work. *Reich v. Department of Conservation and Natural Resources*, 28 F.3d 1076, 1082 (11th Cir. 1994).

Moreover, "once an employer knows or has reason to know that an employee is working overtime, it cannot deny compensation even where the employee fails to claim overtime hours." *Holzapfel v. Town of Newburgh, N.Y.*, 145 F.3d 516, 524 (2nd Cir. 1998). Even where the employer requires employees to fill out timesheets and the employee does not include all time worked on the timesheets, the employer is still liable for the uncompensated time if it knew or should have known of the work. *Caserta v. Home Lines Agency, Inc.*, 273 F.2d 943, 947-948 (2nd Cir. 1949)(awarding liquidated damages as well as unpaid overtime). It is only where the employer "knows nothing" of the employee's work that there is no duty to compensate for it. *Holzapfel,* 145 F.3d at 524.

Not only does the law *not* require plaintiffs to either "actually report" their work or request compensation for it in cash, but factually such a requirement makes no sense in the context of this case. There is no question but that Defendants have a policy where they do not pay employees for less than 15 minutes of overtime. Defendants have not only conceded that such a policy exists,[1] plaintiffs will testify consistently that defendants clearly communicated the

---

[1] See Defs.' March 27, 2008 submission at 2 ("overtime is paid for all time after the first 15 minutes."); 4/2/08 Tr. at 52 (Court summarized its understanding that "Defendants don't dispute

2

policy to them. While defendants usually refuse to even accept requests for compensation for less than 15 minutes of work, *see* Deposition of Raymond Diaz (Patrol Borough Commander of Manhattan North) Tr. at 15 ("There is another rule that says that [an officer] has to work minimum 15 minutes overtime before he can put in for overtime"), when such increments of time are occasionally logged into defendants' payroll system, defendants do not pay plaintiffs for the time worked.[2]

Under these circumstances, an employee's turning in a request for overtime compensation can hardly be a prerequisite to the employer's obligation to compensate employees. Defendants have made it clear to plaintiffs that they <u>should not</u> turn in overtime requests for less than 15 minutes of work. Moreover, the evidence will establish that NYPD's police officers and detectives do not work without the assent of their supervisors. Indeed, defendants' rules and practices make clear that plaintiffs may not work unless they are required to do so by defendants. When plaintiffs work any overtime, regardless of its duration, it is done with the knowledge of defendants.

Defendants have an obligation to compensate plaintiffs for the work they perform in increments of less than 15 minutes no matter whether plaintiffs made the futile effort to seek overtime compensation for the work.

---

that they pay overtime only for time worked after the first 15 minutes," to which defense counsel responded, "That is correct"); Deposition of John Kanganis (Vol. 2) at 66 ("The first 15 minutes would not be compensated."), attached as Exhibit 12 to Plaintiffs' Motion for Summary Judgment.

[2] The occasional increment of less than 15 minutes that is entered into Defendants' payroll system is merely "tracked." Deposition of John Kanganis (Vol. 2) at 66.

**B.     Defendants' Burden Of Proof On The Undue Disruption Defense.**

**1. Background On Compensatory Time Off Issue.**

Plaintiffs allege in Counts I and II that defendants' compensatory time off policies violate the FLSA. In its decisions on Defendants' motion to dismiss and the parties' motions for summary judgment, this Court has laid out the state of the law with respect to compensatory time off. *Scott v. City of New York*, No. 02 Civ. 9530, 2004 WL 2980135 (S.D.N.Y. Dec. 27, 2004)(motion to dismiss); *Scott v. City of New York*, 2008 WL 4104020 (S.D.N.Y. 2008)(summary judgment).  A public employer is allowed to compensate employees for overtime with compensatory time off instead of cash, but only under the conditions set out in 29 U.S.C. §207(o). Compensatory time off may only be used as a substitute for cash compensation for overtime if permitted under the terms of a collective bargaining agreement. Assuming that the terms of the collective bargaining agreement do not violate any provisions of Section 207(o), the agreement "may govern any aspect of the compensatory time arrangement." *Id.* at *7.

An employee who has requested the use of compensatory time off shall be permitted by the employer to use such time within a reasonable period after making the request if the use of the compensatory time does not unduly disrupt the operations of the public agency. 29 U.S.C. §207(o)(5). The "reasonable period" requirement refers to the time period between the date of the request and the date on which the compensatory time is actually granted. *Scott v. City of New York*, 340 F. Supp. 2d at 380. An "undue disruption" that allows a public agency to deny a request to use compensatory time must be more than a "mere inconvenience" and must "impose an unreasonable burden on the agency's ability to provide services of acceptable quality and quantity for the public." *Scott v. City of New York*, 2008 WL 4104020, at *8; 29 C.F.R. §553.25(d). While allowing front-line supervisors the discretion to deny compensatory time off requests does not, standing alone, bar use of the undue disruption defense, that discretion cannot

4

be used "as a punitive measure against individual officers" or as a "mask to hide blanket policies of denying the use of compensatory time beyond the 'reasonable period' absent undue disruption." *Id.*

## 2. Defendants' Burden Of Proof On The Undue Disruption Defense.

Though this Court's decisions have resolved most of the disputes as to the law concerning compensatory time off, one issue remains – what is Defendants' burden of proof on the undue disruption defense? Both sides agree that Defendants bear the burden of proof on this issue, but Plaintiffs submit that Defendants' must prove this defense by "clear and affirmative evidence;" Defendants have submitted a jury instruction describing their burden of proof as only that of a preponderance of the evidence. Defendants' Proposed Jury Instruction #11B.

It has long been established that employers bear the burden of proof with respect to any FLSA exemptions, *Arnold v. Ben Kanowsky Inc.*, 361 U.S. 388, 392, 80 S.Ct. 453, 4 L. Ed. 2d 393 (1960), and that exemptions are narrowly construed against the employer. *Martin v. Malcolm Pirnie*, *Inc.*, 949 F.2d 611, 614-15 (2d Cir. 1991). The Second Circuit has even gone so far as to refer to a "presumption" that exemptions do not exist. *Id.* These same standards apply not just to broad exemptions from the FLSA's coverage, but with respect to more narrowly tailored "exceptions" or defense an employer might raise. *Kleindinst v. Swift Investments, Inc.*, 260 F.3d 1251, 1255 (11th Cir. 2001)("the employer . . . bears the burden of proving the applicability of an FLSA exception by clear and affirmative evidence"); *Diaz v. City of Plantation, Florida*, 524 F. Supp. 2d 1352, 1363 (M.D. Fla. 2006)("It is well settled that exceptions or exemptions under the FLSA are to be narrowly construed against the employer asserting them; therefore, their application must be plainly and unmistakably within the terms and spirit of the exemption.").

Section 207(o) is an exception to the FLSA's general rule that overtime compensation must be paid in cash. In turn, the "unduly disrupt" defense is an exception to Section 207(o)(5)'s general rule that compensatory time must be granted within a reasonable period following the employees. For this reason, the Sixth Circuit – the only court to address the issue – squarely places the burden of proof on the undue disruption issue on the employer: "The unduly disrupt provision is in the nature of an exception to or an exemption from an award of FLSA compensatory leave benefits. In such instances, we have required that [t]he [employer] must establish through clear and affirmative evidence . . . every requirement of the exemption. The exemptions are to be narrowly construed." *Beck v. City of Cleveland*, 390 F.3d 912, 926 n4 (6th Cir. 2004)(internal quotation marks and citation omitted).[3]

                Respectfully submitted,

                  /s/ Gary A. Orseck
                Thomas P. Puccio (TP-8403)
                LAW OFFICES OF THOMAS P. PUCCIO
                230 Park Avenue
                New York, NY 10169
                (212) 883-6383

                Gary A. Orseck (admitted *pro hac vice*)
                Lawrence S. Robbins (LR-8917)
                Damon W. Taaffe (admitted *pro hac vice*)
                ROBBINS, RUSSELL, ENGLERT,
                 ORSECK, UNTEREINER & SAUBER LLP
                1801 K Street, N.W., Suite 411
                Washington, D.C. 20006
                (202) 775-4500

---

[3] Subsequent to *Beck*, the Sixth Circuit has held that the "clear and affirmative evidence" standard does not increase an employer's burden of proof at summary judgment. *Thomas v. Speedway SuperAmerica, LLC*, 506 F.3d 496, 501 (6th Cir. 2007). However, *Thomas* says nothing about an employer's burden of proof at trial.

6

                                                Will Aitchison
                                                AITCHISON & VICK, INC.
                                                3021 N.E. Broadway
                                                Portland, OR 97232
                                                (503) 282-6160

Date:  November 10, 2008                    *Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

On November 10, 2008, I caused copies of Plaintiffs' Trial Memorandum of Law to be served by ECF.

Dated: November 10, 2008                   /s/ Damon W. Taaffe
                                           Damon W. Taaffe