UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

KEENAN M. SCOTT, *et al.*,

        Plaintiffs,

  - against -

CITY OF NEW YORK and THE NEW
YORK CITY POLICE DEPARTMENT,

        Defendants.

------------------------------------------------------X

**OPINION AND ORDER**

02 Civ. 9530 (SAS)



**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I. INTRODUCTION AND BACKGROUND

Over fifteen thousand current and former New York City police officers and detectives ("plaintiffs") assert that the City of New York and the New York City Police Department ("NYPD") (collectively "defendants") systematically violate plaintiffs' overtime rights under the Fair Labor Standards Act ("FLSA").[1] The trial of this action began on November 10, 2008. That same day, this Court issued an opinion and order addressing questions of law related to the calculation

---

    [1]    29 U.S.C. §§ 201-219.

1

of damages in this suit.² Plaintiffs immediately made an oral motion for reconsideration of the three sections of the decision in which this Court had ruled in defendants' favor.³ *First*, this Court had held that the NYPD's semi-annual holiday payments are creditable against FLSA liabilities insofar as they compensate officers for mandatory work on particular holidays.⁴ *Second*, this Court had held that compensatory time awarded for overtime required under plaintiffs' collective bargaining agreements ("CBAs") is creditable against FLSA liabilities.⁵ *Third*, this Court had held that plaintiffs could not alter defendants' designation of particular hours of overtime as either required solely by defendants' contracts ("non-FLSA overtime") or required by statute ("FLSA overtime").⁶

For the reasons discussed below, plaintiffs' motion for reconsideration is granted. Upon reconsideration of its November 10, 2008

---

² *See Scott v. City of New York* ("*Scott V*"), No. 02 Civ. 9530, Docket No. 265 (S.D.N.Y. Nov. 10, 2008). On August 28, 2008, this Court granted summary judgment to plaintiffs on two of their five claims. *See Scott v. City of New York* ("*Scott III*"), No. 02 Civ. 9530, 2008 WL 4104020 (S.D.N.Y. Aug. 28, 2008).

³ *See* Trial Transcript ("Tr.") at 302, *Scott v. City of New York*, No. 02 Civ. 9530 (S.D.N.Y. Nov. 10, 2008).

⁴ *See Scott V*, at 13-15.

⁵ *See id.* at 19-22.

⁶ *See id.* at 28-30.

2

opinion and order, the Court holds that the semi-annual holiday payments are not in fact creditable against FLSA obligations. However, the Court adheres to the remainder of its original decision.

## II. APPLICABLE LAW

A motion for reconsideration is governed by Local Rule 6.3 and is appropriate where "'the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"[7] "A motion for reconsideration may also be granted to 'correct a clear error or prevent manifest injustice.'"[8]

Local Rule 6.3 must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court."[9] Courts have repeatedly been forced to warn counsel that such motions

---

[7] *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (quotation omitted).

[8] *In re Terrorist Attacks on September 11, 2001*, No. 03 MDL 1570, 2006 WL 708149, at *1 (S.D.N.Y. Mar. 20, 2006) (quoting *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).

[9] *DGM Invs., Inc. v. New York Futures Exch., Inc.*, 288 F. Supp. 2d 519, 523 (S.D.N.Y. 2003) (quotation omitted). *Accord Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (holding that a court will deny the motion when the movant "seeks solely to relitigate an issue already decided").

should not be made reflexively, to reargue "'those issues already considered when a party does not like the way the original motion was resolved.'"[10] The purpose of Local Rule 6.3 is to "'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'"[11]

## III. DISCUSSION

### A. Holiday Pay

Plaintiffs' first move for reconsideration concerning whether semi-annual, contractual holiday payments are fully creditable, partially creditable, or not creditable against FLSA obligations. The CBAs state, "'Each employee shall receive eleven (11) paid holidays annually, payments for which shall be made in accord with existing procedures.'"[12] This comports with the eleven paid holidays

---

[10] *Joseph v. Manhattan & Bronx Surface Transit Operating Auth.*, No. 96 Civ. 9015, 2006 WL 721862, at *2 (S.D.N.Y. Mar. 22, 2006) (quoting *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)).

[11] *Naiman v. New York Univ. Hosps. Ctr.*, No. 95 Civ. 6469, 2005 WL 926904, at *1 (S.D.N.Y. Apr. 1, 2005) (quoting *Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)).

[12] 12/18/95 Patrolmen's Benevolent Association 1995-2000 Agreement ("PBA 1995 CBA"), art. IX, Ex. A to 8/27/08 Declaration of John E. Kanganis, Lieutenant, NYPD ("Kanganis Decl."); 5/7/07 Detectives' Endowment Association 2004-2008 Agreement ("DEA 2004 CBA"), art. IX, Ex. H to Kanganis Decl.

4

provided to all New York City employees.[13] Unlike the work schedules of most city employees, however, officers' regular duty charts do not account for holidays. Officers are ordered to work some holidays and are given regular days off on others.[14]

As this Court noted in its prior opinion, "When an employee is 'entitled to a certain sum as holiday or vacation pay, whether he works or not, . . . the certain sum allocable to holiday or vacation pay is still' [non-creditable]."[15] On the other hand, this Court noted that "where an employee is entitled to some holiday pay regardless of whether he works but will be given greater compensation if he [or she] is *required* to work on a holiday, the increased compensation is creditable against FLSA obligations."[16]

Plaintiffs brought to this Court's attention during oral argument that

---

[13] *See* Department of Citywide Administrative Services, *Personnel Services Bulletin No. 440-2* (1997), *available at* http://www.nyc.gov/html/dcas/html/resources/440_2r.shtml. Defendants' suggestion that "each officer will work at least 11 holidays a year," Def. Mem. at 2, requires a classification of days not considered holidays for any other city employee as holidays for the NYPD.

[14] *See* Plaintiffs' Statement of Material Facts Not in Dispute ¶ 3; Defendants' Counterstatement Pursuant to Local Civil Rule 56.1 ¶ 3.

[15] *Scott V*, at 10 (quoting 29 C.F.R. § 778.219(a)).

[16] *Id.* (citing 29 C.F.R. § 778.219(b)(1)).

5

plaintiffs' holiday payments are provided twice a year with no connection or attribution to particular holidays. Each officer receives identical holiday payments regardless of how many holidays an officer is assigned to work.[17] More importantly, officers who are called in because of increased holiday policing needs receive further compensation beyond the holiday pay, the premium portion of which is creditable against FLSA obligations.[18] Finally, the NYPD does not track which officers work regularly scheduled tours on dates that are holidays for other municipal employees, in order to distinguish between holiday pay that is premium compensation for holidays on which an officer works and holiday pay that is merely an additional payment received on days when an officer does not work.[19]

The contractual holiday payments are therefore more accurately characterized as payments provided whether or not an individual officer works on a particular holiday. Although in theory these payments may compensate for the fact that officers are ordered to work on some holidays, in practice these payments are simply supplemental compensation untethered to any particular holiday work.

---

[17] *See* Tr. at 304-306.

[18] *See id.* at 306.

[19] *See* Reply Memorandum of Law in Support of Plaintiffs' Motion for Summary Judgment Concerning Damages on Counts III and IV ("Reply Mem."), at 1 n.1.

6

As a result, they are not creditable against outstanding FLSA obligations. Plaintiffs' damages calculations correctly did not include holiday payments as credits.

### B. Credit for Contractual Compensatory Time

Plaintiffs next move for reconsideration concerning whether contractual overtime payments for which an officer elects to receive compensatory time are creditable against FLSA obligations. The CBAs state, "All ordered and/or authorized overtime in excess of forty (40) hours in any week or in excess of the hours required of an employee by reason of the employee's regular duty chart . . . shall be compensated for either by cash payment or compensatory time off, at the rate of time and one-half, at the sole option of the employee."[20] Under the FLSA, employers receive credit for "extra compensation provided by a premium rate" for hours worked "in excess" of an employee's regular working hours.[21]

Plaintiffs first argue that crediting compensatory time against outstanding FLSA obligations removes an officer's ability to choose between

---

[20] 1995 PBA CBA, art. III; 2004 DEA CBA, art. III.

[21] 29 U.S.C. § 207(e)(5). *Accord id.* § 207(h)(2) (providing that hours described in 29 U.S.C. § 207(e)(5) are creditable against FLSA obligations).

7

compensatory time and cash payment for overtime worked.[22] Plaintiffs describe a hypothetical officer who the NYPD had failed to pay for fifteen minutes of overtime, and plaintiffs note that the officer will not have the option to choose cash in a back-pay suit because he or she was already paid more than the FLSA requires, albeit in compensatory time.[23] The key flaw in plaintiffs' hypothetical is not the choice of the form of compensation. Rather the officer has already received compensation – regardless of form – such that the employer does not owe any further compensation pursuant to the FLSA.[24] The officer cannot choose between cash and compensatory time because there is no longer any FLSA debt.[25] Moreover, an agreement between employees and a state or municipality permitting the use of compensatory time to fulfill FLSA obligations governs only to the

---

[22] See Tr. at 337.

[23] See id. at 338.

[24] If an officer had previously elected to receive cash overtime and now wished to receive compensatory time for fifteen minutes of overtime for which he or she had not previously been compensated, the choice would be similarly burdened. Nevertheless, plaintiffs do not dispute – nor could they argue – that overtime an officer elected to receive in cash is creditable against FLSA obligations. See id. at 340.

[25] Moreover, plaintiffs' hypothetical would only arise in the context of a FLSA back-pay lawsuit. Under plaintiffs' CBAs, time worked beyond an officer's duty chart entitles the officer to overtime, regardless of the hour threshold and credit provisions of the FLSA.

8

extent that it does not conflict with the Act itself.[26]  Therefore, the fact that non-FLSA compensatory time is creditable against FLSA obligations trumps the CBA provision permitting an officer to choose between cash and compensatory time.

In addition, plaintiffs claim that because Congress passed the provision allowing a state or municipality to award compensatory time long after it added the credit provision, the term "compensation" in the credit provision cannot encompass compensatory time.[27]  Plaintiffs' theory is that Congress could not have envisioned compensation to include forms other than cash because cash was the only form of FLSA compensation at the time legislators drafted and enacted the credit provision.  However, as this Court has previously noted, statutory interpretation "necessarily begins with the 'plain meaning' of a law's text and, absent ambiguity, will generally end there."[28]  As it is difficult to ascertain the collective intent of 535 legislators, courts focus on the legislative text, which is

---

[26] *See* 29 C.F.R. § 553.23.

[27] *See* Tr. at 342. *See also* Reply Mem. at 4.

[28] *Collazos v. United States*, 368 F.3d 190, 196 (2d Cir. 2004). *Accord Scott III*, 2008 WL 4104020, at *4 ("If and only if the text is ambiguous, 'the court may resort to legislative history to determine the statute's meaning.'" (quoting *Puello v. Bureau of Citizenship and Immigration Servs.*, 511 F.3d 324, 327 (2d Cir. 2007))).

subject to an up or down vote.[29] Moreover, even if this Court were to find ambiguity in the term "compensation," plaintiffs have pointed out no legislative materials that would indicate congressional intent to limit "compensation" to currently available forms, rather than leaving the term open to forms of compensation made available by future Congresses. It is unreasonable to require that Congress reenact a statute to achieve coherence within an evolving statutory context.

Plaintiffs' motion for reconsideration is denied concerning this Court's holding that non-FLSA compensatory time is creditable against FLSA obligations.

### C. Designation of Overtime as Contractual or Statutory

Plaintiffs last move for reconsideration concerning this Court's determination that plaintiffs are not permitted to designate particular overtime compensation that defendants had labeled non-FLSA as FLSA and vice versa. At the end of a FLSA work period, plaintiffs' bookkeeping system designates some overtime hours as FLSA and some as non-FLSA. The first 171 hours are

---

[29] *Cf. Zedner v. United States,* 547 U.S. 489, 509-510 (2006) (Scalia, J., concurring) ("I believe that the only language that constitutes 'a Law' within the meaning of the Bicameralism and Presentment Clause of Article I, § 7, and hence the only language adopted in a fashion that entitles it to our attention, is the text of the enacted statute.").

10

designated non-FLSA.[30] Defendants' system first counts regularly scheduled working hours, then overtime hours for which an officer elects to receive compensatory time, then overtime hours for which an officer elects cash.[31] Defendants' treat FLSA and non-FLSA cash overtime identically, but they do not apply the full panoply of FLSA protections to non-FLSA compensatory time.[32] Because defendants have no need to track the division between FLSA and non-FLSA cash overtime – as they are treated identically – their FLSA accounting system solely tracks how many of officers' compensatory time hours are governed by FLSA and how many are not.[33]

Plaintiffs would prefer that defendants count cash overtime before compensatory time, as there is little difference between FLSA cash overtime and

---

[30] *See* Tr. at 312.

[31] *See id.* at 326.

[32] *See id.* at 327.

[33] *See id.* at 329. Insofar as defendants do not properly calculate the regular rate that forms the basis for cash overtime payments under FLSA, *see Scott III*, 2008 WL 4104020, at *12, the distinction between non-FLSA cash overtime and FLSA cash overtime makes a difference both with regard to plaintiffs' damages and with regard to future FLSA compliance. Plaintiffs have been able to distinguish plaintiffs' non-FLSA cash overtime and FLSA cash overtime under defendants' present system for the purpose of their damages calculations. *See* 11/4/08 Second Supplemental Report of Murray S. Simpson ("Third Simpson Report"), at 3.

11

non-FLSA cash overtime but a vast difference between FLSA compensatory time and non-FLSA compensatory time. Plaintiffs' best argument relies on the unproven assumption that officers work cash overtime at the beginning of a work period – until they reach an alleged cap – and only then do they elect to receive compensatory time. However, plaintiffs seek an equally categorical solution: counting all cash overtime before all compensatory time.[34]

Simply put, there is no legal authority limiting an employer's discretion to designate particular hours as FLSA or non-FLSA, so long as an employee receives FLSA compensation for the correct number of hours.[35] Theoretically, CBAs could mandate particular accounting rules, but here they do not. Therefore, plaintiffs' motion for reconsideration is denied concerning this Court's holding that the plaintiffs may not change the defendants' designation of particular overtime hours as FLSA overtime or non-FLSA overtime.

## V. CONCLUSION

For the foregoing reasons, plaintiffs' motion for reconsideration is

---

[34] Plaintiffs' assertion that defendants' current system "doesn't consider [cash] hours when they set the plus 171 time frame" is inaccurate. Tr. at 319.

[35] *See* 29 U.S.C. § 207(a) (requiring premium compensation for work beyond a statutory overtime threshold, rather than for particular hours beyond an overtime threshold).

12

granted. Upon reconsideration of its November 10, 2008 opinion and order, the Court holds that the semi-annual holiday payments are not creditable against FLSA obligations. However, the Court adheres to the holdings that non-FLSA compensatory time is creditable against FLSA obligations and that the NYPD may choose to count compensatory time before it counts cash overtime when determining which overtime hours should be treated as non-FLSA and which are subject to FLSA protections.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:     New York, New York
           November 13, 2008

## - Appearances -

**For Plaintiffs:**

Thomas P. Puccio, Esq.
Law Offices of Thomas P. Puccio
230 Park Avenue
New York, New York 10169
(212) 883-6383

Gary A. Orseck, Esq.
Lawrence S. Robbins, Esq.
Damon W. Taaffe, Esq.
Robbins, Russell, Englert, Orseck,
    Untereiner & Sauber LLP
1801 K. Street, NW, Suite 411
Washington, DC 20006
(202) 775-4500

Will Aitchison, Esq.
Mark A. Crabtree, Esq.
Aitchison & Vick, Inc.
3021 N.E. Broadway
Portland, Oregon 97232
(503) 282-6160

John T. Brennan, Esq.
Law Offices of John T. Brennan
26 Court Street, Suite 710
Brooklyn, New York 11242
(718) 923-5640

**For Defendants:**

Lorie E. Almon, Esq.
Gerald L. Maatman, Jr., Esq.
Peter A. Walker, Esq.
Robert S. Witman, Esq.
Seyfarth Shaw LLP
620 Eighth Avenue, 32nd Floor
New York, New York 10018
(212) 218-5500

James Lemonedes
Georgia Pestana
Assistant Corporation Counsel
100 Church Street, Room 2-108
New York, New York 10007
(212) 788-0922