UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                          :

KEENAN SCOTT, THOMAS LOGAN,
JOHN LOOMIS, ROBERT DAVISON and     :   **ECF CASE**
MICHAEL C. DEMARTINO,
                         Plaintiffs,    :   02 Civ. 9530 (SAS-THK)

       vs.

CITY OF NEW YORK and THE NEW
YORK CITY POLICE DEPARTMENT,

                         Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# DEFENDANTS' OPPOSITION TRIAL MEMORANDUM OF LAW CONCERNING MISCELLANEOUS LEGAL ISSUES

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York

James M. Lemonedes
Andrez Carberry
100 Church Street Rm 2-172
New York, New York 10007
(212) 788-0881 (phone)
(212) 788-0940 (fax)

Lorie E. Almon
Jeremi L. Chylinski
SEYFARTH SHAW LLP
620 Eighth Avenue, 32nd floor
New York, New York 10018
(212) 218-5517 (phone)
(212) 218-5526 (fax)

Attorneys for Defendants

Defendants The City of New York and The New York City Police Department ("NYPD") (collectively, "Defendants") respectfully submit this opposition memorandum of law to respond to the two legal issues raised in Plaintiffs' Trial Memorandum of Law ("Pls. Trial Mem."): (1) whether officers and detectives must submit written overtime payment requests in order to be compensated for overtime amounts of fewer than 15 minutes, and (2) the burden of proof on the "undue disruption" defense.

### 1. Overtime Payment Requests

Plaintiffs argue that they were not required to have submitted overtime slips to the NYPD in order to receive payments in respect of overtime worked in amounts of fewer than 15 minutes. (Pls. Trial Mem. at 1-3.)

The Second Circuit discussed this issue earlier this year in a case Plaintiffs conspicuously fail to mention. Addressing an employer's argument that it need not pay for overtime it did not approve, the court stated: "It is clear an employer's actual or imputed knowledge that an employee is working is a necessary condition to finding the employer suffers or permits that work." *Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 287 (2d Cir. 2008). The employer in that case was deemed to have the requisite awareness that the employees worked overtime because the employees so indicated each week on their time sheets, notwithstanding its rule against working unauthorized overtime. *Id.*

Here, the evidence demonstrates that the NYPD did *not* have close to that level of awareness of alleged overtime of fewer than 15 minutes. First, as witness Sandra Flythe testified at trial (and as other defense witnesses will confirm), the NYPD uses an "exception-based" payroll reporting system. This means that the NYPD assumes that an officer worked her entire tour, and nothing more, *unless* it receives a documented indication through an overtime slip,

Form 28 or other writing stating otherwise.  Without such a written indication of overtime work, there is no basis for a timekeeper to conclude that an officer worked any time beyond her regular tour, let alone an inconsequential amount of fewer than 15 minutes.  Like the time records in *Gotham Registry*, an overtime slip could establish that the NYPD had the requisite knowledge, but the absence of a slip indicates the opposite.

Second, the collective bargaining agreements state unequivocally that overtime "shall be computed on the basis of completed fifteen (15) minute segments."  (PBA agreement § 1.a; DEA agreement § 1(a).)  Testimony from NYPD witnesses has also made clear that, pursuant to those provisions, no payment at all is made for overtime submissions of fewer than 15 minutes, even though the time is tracked if it is included on an overtime slip.  (Pls. Trial Mem. at 2 n.1.)  In light of the clear policy and practice in the NYPD of *not* paying overtime of fewer than 15 minutes, and in the absence of an overtime slip, there is no basis to establish that the NYPD had the requisite "actual or imputed knowledge that an employee is working" overtime in such amounts.[1]

To be sure, it is theoretically possible for the employer to have the requisite knowledge even where "the employee fails to report his overtime hours."  *Gotham Registry*, 514 F.3d at 288.  But in that event, some kind of extrinsic evidence of the employer's knowledge would be needed, such as testimony by the employee or the supervisor that the employer was specifically aware of the additional work being done.  It will be insufficient for Plaintiffs to say, for example,

---

[1] Testimony has also established, however, that the NYPD does allow officers to submit overtime slips for fewer than 15 minutes and has a specific payroll code for this to "track" such time.  If such time puts an officer over the 171-hour threshold within a 28-day period, then the employee's FLSA comp time bank is credited.  Thus, pursuant to this Court's decision holding that comp time is "compensation" within the meaning of the FLSA, the employee has received compensation for amounts of fewer than 15 minutes.

"I worked 12 minutes but didn't put in a slip because I knew the boss would get mad," or "I assumed that submitting a slip would be pointless." In light of *Gotham Registry*, Plaintiffs would have to show both that they did the extra work *and* that the supervisor was aware of it.[2]

Ultimately, of course, none of this matters at all unless the officer exceeded 171 hours in the particular 28-day period and the additional time is not *de minimis* as a matter of law. Any time worked beyond the end of a daily tour, whether fewer than or greater than 15 minutes, is irrelevant in and of itself for FLSA purposes; the statutory premium-pay obligation is triggered only if 171 hours are worked.

### 2. Burden of Proof on the "Undue Disruption" Defense

Defendants discussed this issue in detail in their own trial memorandum, filed on November 10, 2008 ("Defs. Trial Mem."). Plaintiffs' submission does nothing to undermine Defendants' position that the burden on the "undue disruption" defense is of the same weight as "preponderance of the evidence," even if some courts refer to it as "clear and affirmative evidence."

Plaintiffs have offered *no* reasoned argument why the burden of proof on the "undue disruption" defense should be any different from the burden on any other affirmative defense. Nor did the Sixth Circuit do so in *Beck v. City of Cleveland*, 390 F.3d 912, 926 n.4 (6th Cir.

---

[2] Quoting *Holzapfel v. Town of Newburgh*, 145 F.3d 516, 524 (2d Cir. 1998), Plaintiffs assert, "It is only where the employer 'knows nothing' of the employee's work that there is no duty to compensate for it." They use this quote out of context and overstate their point. The full quote is as follows: "While an employer must pay for work it suffers or permits, *see* 29 C.F.R. § 785.11, an employer cannot suffer or permit an employee to perform services about which the employer knows nothing." 145 F.3d at 524. The quote does not stand for the proposition that the *only* way to avoid payment is if the employer "knows nothing." It simply says that if the employer does know nothing, it need not pay. There may be circumstances, for example, where the employer has some quantum of knowledge of the employee's work, but its knowledge does not rise to a level sufficient to establish that it "suffered or permitted" the work to be done.

3

2004), the only case on which Plaintiffs rely.  As Defendants noted (Defs. Trial Mem. at 2-3), the Sixth Circuit used the phrase "clear and affirmative evidence," but made clear, both in its own subsequent pronouncement in *Thomas v. Speedway SuperAmerica, LLC*, 506 F.3d 496, 502 (6th Cir. 2007), and through the cases it cited, that "clear and affirmative" is functionally the same as "preponderance of the evidence" and no greater.

Plaintiffs attempt to circumvent *Thomas* by stating that it applies only in the summary judgment context but not at trial.  (Pls. Trial Mem. at 6 n.3.)  This is a distinction without a difference.  Any party's burden, on any claim or affirmative defense, is the same on summary judgment as at trial.  *See Parker v. Sony Pictures Entm't, Inc.*, 260 F.3d 100, 111 (2d Cir. 2001) ("in determining whether the evidence suffices to allow a reasonable jury to find in plaintiff's favor, we apply the same standard to a pretrial motion for summary judgment as to a motion for judgment as a matter of law during or after trial").  It would have been nonsensical for the Sixth Circuit to hold that an employer asserting the "undue disruption" defense bears a "preponderance of the evidence" burden on summary judgment but a heavier "clear and affirmative evidence" burden at trial.  There is nothing in *Beck*, *Thomas* or any other case to suggest that the Sixth Circuit – or any other court – has adopted such a rule.

Accordingly, the burden of proof applicable to Defendants' "undue disruption" defense should be "preponderance of the evidence."

Dated: New York, New York
      November 17, 2008

Respectfully submitted,

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York

By: /s/ James M. Lemonedes
    James M. Lemonedes
    Andrez Carberry

100 Church Street Rm 2-172
New York, New York 10007
(212) 788-0881 (phone)
(212) 788-0940 (fax)

Lorie E. Almon
Jeremi L. Chylinski
SEYFARTH SHAW LLP
620 Eighth Avenue, 32nd floor
New York, NEW York 10018
(212) 218-5517 (phone)
(212) 218-5526 (fax)

Attorneys for Defendants