UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

KEENAN M. SCOTT, *et al.*,

       Plaintiffs,

- against -

CITY OF NEW YORK and THE NEW
YORK CITY POLICE DEPARTMENT,

       Defendants.

------------------------------------------------------------X

**MEMORANDUM**
**OPINION AND ORDER**

**02 Civ. 9530 (SAS)**

## I. INTRODUCTION AND BACKGROUND

Over fifteen thousand current and former New York City police officers and detectives ("plaintiffs") assert that the City of New York and the New York City Police Department ("NYPD") (collectively "defendants") systematically violate plaintiffs' overtime rights under the Fair Labor Standards Act ("FLSA").[1] This lawsuit addresses the policies and practices of the nation's largest police department, and plaintiffs claim hundreds of millions of dollars in damages based on defendants' alleged failures concerning the accrual, use, and payment of overtime.

---

[1] 29 U.S.C. §§ 201-219.

The question has arisen whether defendants are permitted by law to limit the availability of overtime assignments in the future to an officer who elects to receive a large amount of cash overtime in a single work period. For the reasons described below, I hold that an employer has the right to limit the availability of future overtime assignments in response to an officer's choice to receive cash compensation for mandatory overtime.

## II.  BACKGROUND

The sole reference to compensatory time in plaintiffs' collective bargaining agreement ("CBA") states, "All ordered and/or authorized overtime . . . shall be compensated for either by cash payment or compensatory time off, at the rate of time and one-half, at the sole option of the employee."[2] Plaintiffs have alleged a practice by which the NYPD limits the availability of future overtime assignments if an officer elects to receive cash compensation for overtime in a single work period that exceeds an alleged cap.[3]

## III.  APPLICABLE LAW

The FLSA allows states and municipalities to provide employees with

---

[2]  12/18/95 Patrolmen's Benevolent Association 1995-2000 Agreement ("1995 PBA CBA"), art. III, Ex. A to 8/27/08 Declaration of John E. Kanganis, Lieutenant, NYPD. Other CBAs relevant to this case include identical language.

[3]  *See* Amended Complaint ¶¶ 14-21.

compensatory time off in lieu of cash compensation for overtime.[4] As this Court noted in its August 28 Opinion and Order, "'Employers and employees are required to negotiate and reach agreements over the use and preservation of comp time,' and the resulting agreement 'may provide for any combination of compensatory time off and overtime payment in cash.'"[5] "[A]ny ambiguity in an agreement concerning the division between compensatory time and cash overtime should be construed to provide maximum flexibility to the public employer."[6]

Neither the FLSA nor any other federal statute creates a right to overtime opportunities. Rather, the FLSA refers to overtime that an employer "suffers or permits" employees to work.[7] Nor is there any constitutionally protected right to work overtime.[8]

---

[4]   *See* 29 U.S.C. § 207(o).

[5]   *Scott v. City of New York* ("*Scott III*"), No. 02 Civ. 9530, 2008 WL 4104020, at *7 (S.D.N.Y. Aug. 28, 2008) (quoting *Collins v. Lobdell*, 188 F.3d 1124, 1130 (9th Cir. 1999) and 29 C.F.R. § 553.23(a)(2)).

[6]   *Scott III*, 2008 WL 4104020, at *10.

[7]   29 U.S.C. § 203(g). *Accord Hagan v. Echostar Satellite L.L.C.*, No. H-05-1365, 2007 WL 543441, at *6 (S.D. Tex. Feb. 16, 2007) (noting that plaintiff conceded "that the FLSA does not guarantee any employee a right to work overtime hours").

[8]   *See Boland v. Police Dep't*, No. 06 Civ. 15312, 2007 WL 4225484, at *2 (S.D.N.Y. Nov. 29, 2007).

## IV. DISCUSSION

Although the CBAs preclude defendants from requiring an officer to take compensatory time rather than cash overtime when an officer is ordered to work overtime, the NYPD may choose to make future overtime opportunities available to officers based on the officer's prior decisions. The NYPD could not selectively offer this benefit to officers based on a host of factors barred by statute – such as race, religion, sex, national origin, or age[9] – but there is no categorical protection for officers who choose to exercise contractual rights.[10] The decision concerning which officer will be offered overtime is akin to a decision regarding promotion; it is discretionary and may reflect an employer's preference that employees select a particular action within a range of permissible options.[11]

---

[9] See 29 U.S.C. § 623(a)(1) (age); 42 U.S.C. § 2000e-2(a)(1) (race, color, religion, sex, or national origin).

[10] Cf. 29 U.S.C. § 215(a)(3) (barring discrimination against an individual who has "filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA], or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee").

[11] Drawing an analogy closer to the hearts and minds of attorneys, associates at most law firms are not required by contract to bill more than 2500 hours per year. However, a law firm is entitled to – and often does – select for partnership the associate who declines to exercise her right to go home and bills hundreds of additional hours per year.

4

Plaintiffs argue that if the NYPD limits future overtime opportunities in response to an officer's choice between cash and compensatory time, it will "burden" the officer's right to compensated "by cash payment or compensatory time off . . . at [his] sole option."[12] But choices have consequences. This opinion in no way limits an officer's ability to choose between cash and compensatory time when mandatory overtime is assigned; that is an express contractual right. However, the NYPD may limit the availability of future overtime to officers who consistently choose cash compensation for mandatory overtime. An officer must therefore decide whether he or she wishes to have greater future overtime opportunities or whether the officer prefers to be compensated in cash for the overtime he or she has already worked.

## V. CONCLUSION

For the foregoing reasons, the jury shall be instructed that the NYPD may choose to offer or order overtime to particular police officers based on an officer's past selection of cash versus compensatory time as compensation for overtime.

---

[12] 1995 PBA CBA art. III.

SO ORDERED:

[signature]

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            November 18, 2008

## - Appearances -

### For Plaintiffs:

Thomas P. Puccio, Esq.
Law Offices of Thomas P. Puccio
230 Park Avenue
New York, New York 10169
(212) 883-6383

Gary A. Orseck, Esq.
Lawrence S. Robbins, Esq.
Damon W. Taaffe, Esq.
Robbins, Russell, Englert, Orseck,
    Untereiner & Sauber LLP
1801 K. Street, NW, Suite 411
Washington, DC 20006
(202) 775-4500

Will Aitchison, Esq.
Mark A. Crabtree, Esq.
Aitchison & Vick, Inc.
3021 N.E. Broadway
Portland, Oregon 97232
(503) 282-6160

John T. Brennan, Esq.
Law Offices of John T. Brennan
26 Court Street, Suite 710
Brooklyn, New York 11242
(718) 923-5640

### For Defendants:

Lorie E. Almon, Esq.
Gerald L. Maatman, Jr., Esq.
Peter A. Walker, Esq.
Robert S. Witman, Esq.
Seyfarth Shaw LLP
620 Eighth Avenue, 32nd Floor
New York, New York 10018
(212) 218-5500

James Lemonedes
Georgia Pestana
Assistant Corporation Counsel
100 Church Street, Room 2-108
New York, New York 10007
(212) 788-0922