UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

KEENAN M. SCOTT, *et al.*,

        Plaintiffs,

  - against -

CITY OF NEW YORK and THE NEW
YORK CITY POLICE DEPARTMENT,

        Defendants.

-------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/24/08

**OPINION
AND ORDER**

**02 Civ. 9530 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.  INTRODUCTION

Over fifteen thousand current and former New York City police officers and detectives ("plaintiffs") assert that the City of New York and the New York City Police Department ("NYPD") (collectively "defendants") systematically violate plaintiffs' overtime rights under the Fair Labor Standards Act ("FLSA").[1] This lawsuit addresses the policies and practices of the nation's largest police department, and plaintiffs claim hundreds of millions of dollars in damages based on defendants' failures concerning the accrual, use, and payment of overtime.

---

  [1]    29 U.S.C. §§ 201-219.

The parties have raised four questions in trial memoranda that this Court must resolve prior to charging the jury. *First*, the parties ask whether submission of requests for payment is a prerequisite to compensation under the FLSA. *Second*, the parties dispute whether the burden of proof concerning the "undue disruption" defense to a denial of use of compensatory time is "a preponderance of the evidence" or "clear and affirmative evidence." *Third*, plaintiffs seek an adverse inference instruction against defendants based on defendants' failure to maintain records reflecting denials of officers' requests to use compensatory time.[2] *Fourth*, the parties ask whether plaintiffs may request damages on their claim related to the denial of use of compensatory time based on all compensatory time accrued by plaintiffs or solely based on compensatory time remaining in plaintiffs' compensatory time banks. Each of these questions are addressed in turn below.

## II.   REQUESTS FOR PAYMENT

Under the FLSA, an employer is liable for any overtime it "suffer[s]

---

[2]     Defendants have argued that defendants had the obligation to keep such record and failed to do so. However, defendants have not explicitly sought an adverse inference instruction.

2

or permit[s]."[3] Defendants' proposed jury instructions assert that a necessary

element for plaintiffs to recover on their "fifteen minute claim" is proof that

plaintiffs "actually reported such time past their tour to the NYPD."[4]  Plaintiffs

contend that submission of an overtime slip is not necessarily a prerequisite to

compensation under the FLSA.[5]

"[A]n employer's actual or imputed knowledge that an employee is

working is a necessary condition to finding the employer suffers or permits that

work."[6]  However, "once an employer knows or has reason to know that an

employee is working overtime, it cannot deny compensation even where the

employee fails to claim overtime hours."[7]  Completion of time sheets is one way

that employees can provide their employer with knowledge of overtime worked,[8]

but the failure to record overtime on time sheets does not necessarily doom a back

---

[3]    29 U.S.C. § 203(g).  *See also Chao v. Gotham Registry, Inc.*, 514
F.3d 280, 287 (2d Cir. 2008).

[4]    Defendants' Proposed Jury Instructions ("Def. Instructions") at 7,
Ex. I to 10/17/08 Joint Pretrial Order ("JPTO").

[5]    *See* Plaintiffs' Trial Memorandum of Law at 1.

[6]    *Chao*, 514 F.3d at 287.

[7]    *Holzapfel v. Town of Newburgh*, 145 F.3d 516, 524 (2d Cir. 1998).

[8]    *See Chao*, 514 F.3d at 287.

3

pay claim.[9]  While an employer may delegate timekeeping to employees, an employer cannot promote inaccurate timekeeping or use inaccurate records as a shield when he or she explicitly or implicitly knew that the employee had worked overtime.

In this case, plaintiffs allege that defendants have a *policy* forbidding employees from filing overtime slips amounting to less than fifteen minutes.[10] Moreover, plaintiffs allege that an officer in the midst of his or her duties cannot simply abandon a task at the close of a shift.  If both of these policies are proven, a jury might reasonably conclude that the NYPD implicitly knew that officers work overtime in amounts of less than fifteen minutes even though the offciers did not make explicit requests to be compensated for this work.[11]   Therefore I will instruct

---

[9]     *See id.* at 288.  *See also Caserta v. Home Lines Agency, Inc.*, 273 F.2d 943, 947-48 (2d Cir. 1949) (Friendly, J.) (noting that the statutory burden of accurate record keeping falls on the employer).

[10]     *See* Amended Complaint ¶ 38.  Defendants admit that they do not pay contractual overtime for the first fifteen minutes worked after a shift.  *See* 2/28/08 Deposition of John Kanganis, Assistant to the Deputy Commissioner for Labor Relations, NYPD, at 66,  Ex. C to 6/9/08 Declaration of Robert S. Whitman, defendants' attorney.  However, the NYPD payroll system accepts overtime slips in amounts of less than fifteen minutes, *see id.*, and it has not been established whether officers are compensated for that time if they cross the FLSA hour threshold.

[11]     The frequency and duration of such overtime, as well as whether that overtime is de minimis, are distinct issues from the question of whether

4

as follows: "If you find that plaintiffs have proven, by a preponderance of the evidence, that defendants maintain a policy or practice of barring or discouraging submission of overtime slips amounting to less than fifteen minutes and that officers are permitted to work overtime without advanced authorization in order to complete particular duties, then plaintiffs' failure to request payment for such overtime is not a bar to recovery."

## III.   BURDEN OF PROOF CONCERNING UNDUE DISRUPTION

Even when an employer fails to grant an employee's request to use FLSA compensatory time within a reasonable period of the request, that failure will be excused if granting the request would have caused an undue disruption to the operations of the employer.[12]  As an exception to the statutory obligation to accommodate the employee's request within a reasonable period, the burden to prove an undue disruption rests on defendants, which defendants readily concede.[13]  However, plaintiffs assert that this defense must be proven by a "clear and affirmative evidence" standard, while defendants claim that the defense is

_____

submission of a request for payment is a prerequisite to compensation.

[12]    *See* 29 U.S.C. § 207(o)(5).  *See also Scott v. City of New York*, 340 F. Supp. 2d 371, 380 (S.D.N.Y. 2004).

[13]    *See* Defendants' Trial Memorandum of Law Concerning Miscellaneous Legal Issues ("Def. Mem.") at 2.

subject to the more lenient "preponderance of the evidence" standard.[14]

The Second Circuit has held that exemptions removing categories of

employees from the ambit of the FLSA "are to be narrowly construed."[15]

However, the undue disruption defense does not remove an employee entirely

from FLSA coverage. Rather, it delays receipt of overtime compensation, merely

exempting the employee from the "reasonable period" requirement but in no way

abridging the employee's right to eventually use or cash out accrued compensatory

time.[16]   Moreover, the undue disruption defense relates to a state or municipality's

ability to comply with the FLSA, and this Court has repeatedly noted that public

employers must be afforded "maximum flexibility."[17]   Therefore, while some

---

[14]     *Compare* Plaintiffs' Proposed Jury Instructions ("Pl. Instructions") at
2, Ex. G to JPTO, *with* Def. Instructions at 1.

[15]     *Martin v. Malcolm Pirnie, Inc.*, 949 F.2d 611, 614 (2d Cir. 1991)
(citing *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960); *Mitchell v.
Lublin, McGaughty & Assoc.*, 358 U.S. 207, 211 (1959)).

[16]     *But see Beck v. City of Cleveland*, 390 F.3d 912, 926 n.4 (6th Cir.
2004) ("The 'unduly disrupt' provision is in the nature of an exception to or an
exemption from an award of FLSA compensatory leave benefits."). The *Beck*
court's characterization of the undue disruption defense as an exemption from an
award of benefits is not persuasive. For example, if an employee is found to be a
bona fide professional she loses *all* overtime guarantees, rather than an entitlement
to prompt payment. *See* 29 U.S.C. § 213(a)(1).

[17]     *Scott v. City of New York*, No. 02 Civ. 9530, 2008 WL 4104020, at
*10 (S.D.N.Y. Aug. 28, 2008) (citing *Christensen v. Harris County*, 529 U.S. 576,
583-84 (2000)).

6

courts have found that FLSA exemptions must be proven by clear and convincing evidence,[18] I conclude this rule does not apply to the undue disruption defense.

Nor do the cases cited by plaintiffs support the instruction they suggest. In *Beck v. City of Cleveland*, the Sixth Circuit required that an employer prove the undue disruption defense by "clear and affirmative evidence."[19] However, the Sixth Circuit later clarified that "clear and affirmative evidence" was meant to be the functional equivalent of the "preponderance of the evidence" standard, rather than denoting a heightened evidentiary burden.[20] There are three and only three evidentiary standards above equipoise: preponderance of the evidence, clear and convincing evidence, and beyond a reasonable doubt.[21] There is no need to create a fourth evidentiary standard.

---

[18]    *See Shockley v. City of Newport News*, 997 F.2d 18, 21 (4th Cir. 1991) (citing *Clark v. J.M. Benson Co.*, 789 F.2d 282, 286 (4th Cir. 1986); *Wright v. Monroe County*, No. 05 Civ. 6268, 2007 WL 1434793, at *2 (W.D.N.Y. May 14, 2007). *But see Thomas v. Speedway SuperAmerica, LLC*, 506 F.3d 496, 501-02 (6th Cir. 2007) ("[T]he employer claiming an FLSA exemption does not bear any heightened evidentiary burden.").

[19]    *Beck*, 390 F.3d at 926 n.4.

[20]    *See Thomas*, 506 F.3d at 502.

[21]    *See* Kevin M. Clermont, *Jurisdictional Fact*, 91 Cornell L. Rev. 973, 999 (2006). *See also* J. P. McBaine, *Burden of Proof: Degrees of Belief*, 32 Cal. L. Rev. 242, 246-47 (1944) (noting that no other standards, let alone a sliding scale, "are defensible or can be justified by experience and knowledge.").

Therefore, I will instruct the jury that defendants must prove the

undue disruption defense by a preponderance of the evidence.

## IV.   COMPENSATORY TIME RECORDS

When an NYPD officer wishes to use compensatory time, he or she

must submit a written request known as a "Form 28."[22]  The NYPD does not retain

Form 28s if the request is denied.[23]  While the parties disagree as to whether

denied Form 28s are routinely returned to the requesting officer or whether they

are simply discarded, it is undisputed that they are *not* maintained by defendants.[24]

Accordingly, plaintiffs request the following instruction:  "As a result of

defendants' conduct, there is no documentary evidence of which requests were

granted within a reasonable period of the requested date, and which ones were

not."[25]  Defendants protest that this instruction improperly infers that they bear the

burden of proof concerning denials of use or that they acted improperly by not

---

[22]    Def. Mem. at 5; Plaintiffs' Memorandum in Response to Defendants' Memorandum of Law ("Pl. Response") at 6.

[23]    *See* Def. Mem. at 5.

[24]    *Compare id.* (asserting that denied Form 28s are always returned), *with* Pl. Response at 6 (asserting that Form 28s are returned "on occasion").

[25]    Pl. Instructions at 1.

8

retaining records of compensatory time denials.[26]

The FLSA requires that every employer subject to the law "make, keep, and preserve such records of the persons employed by [it] and of the wages, hours, and other conditions and practices of employment . . . ."[27] While "wages" and "hours" are unambiguous, the term "other conditions and practices of employment" is ambiguous and therefore subject to clarification in regulations promulgated by the Department of Labor ("DoL"). DoL regulations provide a list of the specific conditions and practices of employment all employers are required to document.[28] Moreover, numerous DoL regulations provide specific recordkeeping requirements for atypical employers.[29] Specifically, DoL requires employers who use compensatory time to fulfill FLSA overtime obligations to record the number of hours of compensatory time earned, the number of hours of compensatory time used, cash compensation provided to reduce an employee's compensatory time bank, and the agreement under which compensatory time is

---

[26]    *See* Def. Mem. at 4.

[27]    29 U.S.C. § 211(c).

[28]    *See* 29 C.F.R. §§ 516.2, 516.5, 516.6

[29]    *See id.* §§ 516.11-.34.

9

allowed.[30]

      This Court must defer to the DoL's formal interpretation of an ambiguous statute, so long as the interpretation "'is based on a permissible construction of the statute.'"[31] DoL has determined what records constitute proper memorialization of "other conditions and practices of employment" for employers and did not include records of requests to use compensatory time or denials of such requests. The maxim *expressio unius est exclusio alterious* cautions that a court should not add elements to a list of statutory or regulatory requirements.[32] This canon of construction is particularly significant where a provision mandates active compliance. In the case of FLSA recordkeeping requirements, employers who retain each category of required records cannot anticipate judicial additions and should not be punished for a failure to do so. Because employees are required

---

[30]    *See id.* § 553.50.

[31]    *Llanos-Fernandez v. Mukasey*, 535 F.3d 79, 82 (2d Cir. 2008) (quoting *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843 (1984)).

[32]    *See Greene v. United States*, 79 F.3d 1348, 1355 (2d Cir. 1996) ("The ancient maxim expressio unius est exclusio alterius (mention of one impliedly excludes others) cautions us against engrafting an additional exception to what is an already complex [statutory scheme]."). *See also Black's Law Dictionary* 620 (8th ed. 2004) ("A canon of construction holding that to express or include one thing implies the exclusion of the other, or of the alterative.").

by statute to initiate requests to use compensatory time,[33] an administrator would anticipate that many such requests will be in writing.  Nevertheless, DoL regulations do not require that an employer maintain written requests to use compensatory time.  Therefore, records concerning requests for use and denials of use are not subject to the FLSA's recordkeeping requirements.

As a practical matter, both parties find themselves at a disadvantage based on the absence of records.  There has been testimony that official police policy mandates the return of denied Form 28s to an officer, but the jury has also heard testimony that Form 28s are not always returned.  The jury has also heard testimony that although the forms were sometimes returned to an officer, that officer did not retain them.  Due to the lack of evidence, plaintiffs have more difficulty proving that officers attempted to use compensatory time but were denied use within a reasonable period, and defendants have more difficulty proving the undue disruption defense.

Because there is no requirement that an employer maintain records concerning requests for use and denials of use of compensatory time, I decline to give the jury an adverse inference instruction concerning the absence of such records.

---

[33]     *See* 29 U.S.C. § 207(o)(5)(B)

## V.    ACCRUED OR BANKED COMPENSATORY TIME

Plaintiffs presented two forms of damages calculations to the jury concerning their denial of use claim during their case-in-chief.  One would award damages for every hour of compensatory time that plaintiffs earned during the statute of limitations period (the "accrued method").[34]  The other would subtract from the accrued method total the number of *those* accrued hours that have been used (the "banked method").[35]   Plaintiffs have requested an instruction that the jury use the accrued method to calculate damages on the denial of use claim.[36]

The FLSA states, "Any employer who violates the provisions of" this Act related to overtime "shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation."[37]  Thus the statute does not provide for damages when an officer has in fact received the statutory compensation for overtime worked.  If the jury finds that the NYPD maintains policies or practices that in some cases deny use of FLSA compensatory time within a reasonable period of time of an officer's request – even when granting the

---

[34]    *See* 11/19/08 Plaintiffs' Letter Brief Concerning Damages at 1.

[35]    *See id.*

[36]    *See id.* at 2.

[37]    29 U.S.C. § 216(b).

request would not cause an undue disruption to police operations – then those same policies would have made it *harder* to use compensatory time that the officer eventually used.  Nevertheless, compensation for those particular hours was received in the form of compensatory time, and further compensation would constitute double-payment for those overtime hours.  No court has *ever* utilized the accrued method of calculation.[38]

Therefore, the jury will be instructed that if it awards damages on plaintiffs' denial of use claims, it may only look to officers' banked compensatory time to calculate the award.  This calculation may include only hours accrued during the limitations period that remain unused; thus it must exclude both hours used and hours cashed out by retired officers.

## VI.   CONCLUSION

The jury will be instructed in conformance with the above rulings.

---

[38]      *See Lupien v. City of Marlborough*, 387 F.3d 83, 90 (1st Cir. 2004) (using the banked method despite finding that "plaintiffs suffered some lack of flexibility and delay in payment of their overtime wages" that they eventually received in the form of used compensatory time); *D'Camera v. District of Columbia*, 722 F. Supp. 799, 803-04 (D.D.C. 1989) ("Plaintiffs who used compensatory time unquestionably received partial compensation for their overtime hours. . . . . Plaintiffs are entitled to be made whole, not to a windfall at the District's expense.").

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            November 22, 2008

## - Appearances -

**For Plaintiffs:**

Thomas P. Puccio, Esq.
Law Offices of Thomas P. Puccio
230 Park Avenue
New York, New York 10169
(212) 883-6383

Gary A. Orseck, Esq.
Lawrence S. Robbins, Esq.
Damon W. Taaffe, Esq.
Robbins, Russell, Englert, Orseck,
        Untereiner & Sauber LLP
1801 K. Street, NW, Suite 411
Washington, DC 20006
(202) 775-4500

Will Aitchison, Esq.
Mark A. Crabtree, Esq.
Aitchison & Vick, Inc.
3021 N.E. Broadway
Portland, Oregon 97232
(503) 282-6160

John T. Brennan, Esq.
Law Offices of John T. Brennan
26 Court Street, Suite 710
Brooklyn, New York 11242
(718) 923-5640

**For Defendants:**

Lorie E. Almon, Esq.
Jeremi L. Chylinski, Esq.
Seyfarth Shaw LLP
620 Eighth Avenue, 32nd Floor
New York, New York 10018
(212) 218-5500

James M. Lemonedes
Andrez Carberry
Assistant Corporation Counsel
100 Church Street, Room 2-108
New York, New York 10007
(212) 788-0922