UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

KEENAN M. SCOTT, *et al.*,

        Plaintiffs,

  - against -

CITY OF NEW YORK and THE NEW
YORK CITY POLICE DEPARTMENT,

        Defendants.

-----------------------------------------------------X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 12/2/08

**MEMORANDUM**
**OPINION & ORDER**

**02 Civ. 9530 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.   INTRODUCTION AND BACKGROUND

Over fifteen thousand current and former New York City police officers and detectives ("plaintiffs") assert that the City of New York and the New York City Police Department ("NYPD") (collectively "defendants") systematically violate plaintiffs' overtime rights under the Fair Labor Standards Act ("FLSA").[1] This lawsuit addresses the policies and practices of the nation's largest police department, and plaintiffs claim hundreds of millions of dollars in damages based on defendants' alleged failures concerning the accrual, use, and payment of

---

[1]    29 U.S.C. §§ 201-219.

overtime.

The parties dispute whether "premium" payments for vacation days on which officers are called in to work should be a credit against defendants' FLSA obligations and how such payments should effect the regular rate of pay. Under the CBAs, officers and detectives are entitled to vacation days on which they are paid their full salary. However, if an officer is called in to work on a vacation day, he or she is given both the full vacation day payment *and* a full day's pay. This results in a two-hundred percent payment in return for both a day of work and the loss of a vacation day.

Plaintiffs' expert currently includes the entire double payment in the regular rate of pay. Defendants contend that any payment beyond an ordinary day's pay should be both excluded from the regular rate and deemed a credit against FLSA obligations. For the reasons that follow, defendants are not entitled to any credit for compensation paid to plaintiffs for vacation days worked. Nor should the regular rate of pay reflect payment beyond an officer's regular salary for the single day of work.

## II.    APPLICABLE LAW

Under the FLSA, the regular rate of pay includes "all remuneration for employment paid to, or on behalf of, the employee," less eight statutory

2

exceptions.[2]   Four are relevant to questions concerning vacation pay. *First*, under section 207(e)(2), the regular rate does not include "payments made for occasional periods when no work is performed due to vacation, holiday, illness, failure of the employer to provide sufficient work, or other similar cause."[3]  *Second*, under section 207(e)(5), the regular rate does not include "extra compensation provided by a premium rate paid for certain hours worked by the employee in any day or workweek because such hours are hours worked in excess of eight in a day or in excess of the maximum workweek . . . ."[4]  *Third*, under section 207(e)(6), the regular rate does not include "extra compensation provided by a premium rate paid for work by the employee on Saturdays, Sundays, holidays, or regular days of rest, or on the sixth or seventh day of the workweek, where such premium rate is not less than one and one-half times the rate established in good faith for like work performed in nonovertime hours on other days."[5]  *Fourth*, under section 207(e)(7), the regular rate does not include "extra compensation provided by a premium rate paid to the employee, in pursuance of an applicable employment contract or

---

[2]   *See* 29 U.S.C. § 207(e).

[3]   *Id.* § 207(e)(2).

[4]   *Id.* § 207(e)(5).

[5]   *Id.* § 207(e)(6).

3

collective-bargaining agreement, for work outside of the hours established in good faith by the contract or agreement as the basic, normal, or regular workday or workweek."[6]

Payments that fall under sections 207(e)(5), (e)(6), and (e)(7) are creditable against FLSA obligations.[7] Any other category of compensation is not creditable under the Statute.[8] The Department of Labor has expressly cautioned against expanding the categories of payments for which an employer receives credit against FLSA obligations.[9]

## III. DISCUSSION

### A. Application to Statutory Credits

The vacation payments described above do not fit into the categories of compensation for which an employer receives credits under the FLSA. It is crystal clear that the payments do not fit within sections 207(e)(5) or 207(e)(7). Section 207(e)(5) addresses compensation for excess hours in a single day, a

---

[6]     *Id.* § 207(e)(7).

[7]     *See id.* § 207(h)(2).

[8]     *See id.* § 207(h)(1).

[9]     *See* 29 C.F.R. § 778.207(a) ("The plain wording of the statute makes it clear that extra compensation provided by premium rates other than those described cannot be treated as overtime premiums.").

4

single week, or a single work period.  Payments related to work on a scheduled

vacation day are unrelated to the number of hours otherwise worked, except with

regard to the entire working year.  Section 207(e)(7) addresses compensation for

work outside of normal working hours, also known as preliminary and post-

liminary work.[10]   Payments for work on a scheduled vacation day are unrelated to

an officer's regular working hours.

        The more difficult question is whether vacation pay fits within

section 207(e)(6). The text of the Section addresses only "Saturdays, Sundays,

holidays, . . . regular days of rest, or . . . the sixth or seventh day of the

workweek."  Scheduled vacation days are not expressly enumerated in this list.

Particularly where the Department of Labor has cautioned that the credits named

in the statute are exclusive, it is outside the prerogative of this Court to add

vacation to 207(e)(6) or to shoe-horn vacation into an enumerated category such

as holidays or regular days of rest, where it does not truly fit.

        Section 207(e)(6) anticipates that employees will be paid at a

premium rate when they are called in to work on particular types of days.  If the

premium rate is time and a half on those days, it is obviously not the employee's

---

        [10]     *See Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728,
741 n.19 (1981).

"regular rate of pay" and therefore should not be included in the calculation of the regular rate. Time-and-a-half compensation for working on a weekend or on New Year's Day is a reflection of the hardship of working a particular *type* of day, on which employees have a fixed expectation of not working.

Premium compensation received for working on a vacation day is qualitatively different: it is remuneration for the loss of a flexible benefit. Moreover, the statute as written implies a legislative assumption that all employees will have a five-day workweek and will not work on holidays, and that they will be paid at a premium if they are required to work on such days. There is no similar assumption that employees will receive paid vacations, let alone that employees will then be called in to work on scheduled vacation days and be paid at a premium. Therefore, payment for working on scheduled vacation days is not addressed in the regular rate calculation. However, whether supplemental compensation for work on a scheduled vacation day reflects time worked is a distinct question, which I will address below.

Therefore, defendants are not entitled to credits against FLSA obligations for payments made to officers who are called in to work on scheduled vacation days.

### B. Application to the Regular Rate

6

Although the vacation payments do not fall under the three categories of compensation for which an employer is entitled to credits against FLSA obligations, that does not necessarily mean that payments for working on a scheduled vacation day must be included in the regular rate. Specifically, vacation payments fall under 29 U.S.C. § 207(e)(2), compensation that is neither creditable nor included in regular rate calculations. The full payment recieved by an officer does not solely reflect the work that he or she performs on the day that he or she is working. Because a vacation day provides a full day's pay for not working, half of the double payment may be attributed to the work performed and half is a payment to the officer for non-working time.

The supplemental payment on a scheduled vacation day is not in fact a payment for the shift that is worked; it is nothing more nor less than a paid vacation day. Such a payment reflects a time when "no work is performed" and is expressly excluded from the regular rate calculation. In other words, the payment that would have been received had the officer worked the same shift as part of his or her duty chart is included in the regular rate of pay and any payment that reflects the fact that the officer worked on a scheduled vacation day is not. The end result is that calling in an officer on a scheduled vacation day will neither increase nor decrease the regular rate of pay.

7

## IV.   CONCLUSION

For the reasons described above, the premium portion of the double payment for working on a scheduled vacation day is neither credited against FLSA obligations nor included in the regular rate calculation.  Plaintiffs' expert's damages calculations should be altered to conform with this holding.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            December 2, 2008

8

## - Appearances -

**For Plaintiffs:**

Thomas P. Puccio, Esq.
Law Offices of Thomas P. Puccio
230 Park Avenue
New York, New York 10169
(212) 883-6383

Gary A. Orseck, Esq.
Lawrence S. Robbins, Esq.
Damon W. Taaffe, Esq.
Robbins, Russell, Englert, Orseck,
    Untereiner & Sauber LLP
1801 K. Street, NW, Suite 411
Washington, DC 20006
(202) 775-4500

Will Aitchison, Esq.
Mark A. Crabtree, Esq.
Aitchison & Vick, Inc.
3021 N.E. Broadway
Portland, Oregon 97232
(503) 282-6160

John T. Brennan, Esq.
Law Offices of John T. Brennan
26 Court Street, Suite 710
Brooklyn, New York 11242
(718) 923-5640

**For Defendants:**

Lorie E. Almon, Esq.
Jeremi L. Chylinski, Esq.
Seyfarth Shaw LLP
620 Eighth Avenue, 32nd Floor
New York, New York 10018
(212) 218-5500

James M. Lemonedes
Andrez Carberry
Assistant Corporation Counsel
100 Church Street, Room 2-108
New York, New York 10007
(212) 788-0922