UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

KEENAN M. SCOTT, *et al.*,

                       **Plaintiffs,**

    - against -

CITY OF NEW YORK and THE NEW
YORK CITY POLICE DEPARTMENT,

                      **Defendants.**

------------------------------------------------------- X

SHIRA A. SCHEINDLIN, U.S.D.J.:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/27/09

**MEMORANDUM
OPINION & ORDER**

**02 Civ. 9530 (SAS)**

## I.   INTRODUCTION AND BACKGROUND

Over fifteen thousand current and former New York City police officers and detectives ("plaintiffs") assert that the City of New York and the New York City Police Department ("NYPD") (collectively "defendants") systematically violate plaintiffs' overtime rights under the Fair Labor Standards Act ("FLSA").[1] This lawsuit addresses the policies and practices of the nation's largest police department, and plaintiffs claim hundreds of millions of dollars in damages based on defendants' alleged failures concerning the accrual, use, and payment of

---

    [1]      29 U.S.C. §§ 201-219.

overtime.

      In November, this Court conducted a jury trial concerning liability. However, damages have not yet been definitively calculated. Toward that end, the Court must now address two lingering disputes.[2] *First*, the parties disagree whether calculations of an officer's regular rate of pay should factor in hours worked that are not originally assigned on an officer's duty chart, namely time spent caring for police dogs. Plaintiffs contend that such hours should not be included.[3] Defendants take the position that any non-overtime hours must be included in the regular rate, particularly those that are consistent and anticipated.[4] *Second*, the parties disagree concerning the proper method of calculating the regular rate when an officer's scheduled tours exceed the statutory overtime threshold. Plaintiffs assert that the regular rate calculation cannot include hours

---

    [2]    As a threshold matter, the Court rejects plaintiffs' objection to defendants raising these issues at this late stage of the proceedings. *See* 1/12/09 Letter from Gary A. Orseck ("Orseck Letter"), plaintiffs' attorney, to the Court, at 2-3. Although the Court declined to hear new arguments concerning statutory credits after full briefing of that issue, the assessment of damages has not yet concluded. All parties to this litigation will benefit from a proper calculation of damages by the trial court.

    [3]    *See id.* at 3.

    [4]    *See* 1/16/09 Letter from James M. Lemonedes ("Lemonedes Letter"), defendants' attorney, to the Court, at 2.

beyond the overtime threshold.[5]  Defendants contend that plaintiffs' salary and

other payments are compensation for the full number of hours assigned on a duty

chart and that reducing the number of hours over which that compensation is

averaged would artificially inflate the regular rate.[6]

   For the reasons that follow, non-overtime hours that are consistent

and anticipated must be included in the regular rate calculation, regardless of

whether they are included on a duty chart.  However, the regular rate of pay must

be determined based on an officer's non-overtime work period.

## II. APPLICABLE LAW

   Under FLSA, cash overtime must amount to "a rate not less than one

and one-half times the regular rate at which [the worker] is employed."[7]  Police

officers are entitled to overtime compensation for hours worked beyond 171 in a

28-day work period.[8]  The "regular rate" "shall be deemed to include all

remuneration for employment paid to, or on behalf of, the employee," less eight

---

[5] *See* Orseck Letter at 3-4.

[6] *See* Lemonedes Letter at 3.

[7] 29 U.S.C. § 207(a)(1).

[8] *See id.* § 207(k)(1)(B); 29 C.F.R. § 553.201.

3

enumerated exemptions.[9]  Thus in most cases "[t]he regular rate by its very nature must reflect all payments which the parties have agreed shall be received regularly during the work[ period], exclusive of overtime payments."[10]  The regular rate reflects compensation for the "regular, non[-]overtime work[ period]."[11]

## III.   DISCUSSION

### A.   Dog Care Payments

Time spent caring for police dogs is outside of an officer's regular duty chart, but that does not place it outside of the regular rate calculation.  Any remuneration received for non-overtime employment is presumptively included in the regular rate.  FLSA does not permit differential treatment among categories of non-overtime work, absent an express agreement to do so.[12]  So long as dog care hours constitute time worked below an officer's 171-hour statutory overtime threshold, there is no reason to distinguish those hours from an officer's patrol hours.  Therefore, non-overtime dog care must be included in regular rate calculations.

---

[9]      29 U.S.C. § 207(e).

[10]     *Bay Ridge Operating Co. v. Aaron*, 334 U.S. 446, 468 (1948).

[11]     29 C.F.R. § 778.108.

[12]     *See id.* § 778.419(a).

4

This Court's November 10, 2008 decision did not reach a contrary conclusion. In that decision, I stated that the regular rate must be based on work performed during the "regular work period."[13] The term "regular" did not denote an initial work schedule. Rather, "regular" is simply a synonym for non-overtime, distinguishing working time for which premium pay is not required from work in excess of an employee's statutory overtime threshold.[14]

## B.    Application to the Regular Rate

On the other hand, not all time during which an officer is on duty is part of the officer's "regular work period," even if those hours are assigned on an officer's duty chart. As previously stated, the regular work period is simply the sum of an employee's non-overtime work. Therefore, even if an officer's regularly scheduled hours exceed the overtime threshold, regular payments unrelated to the number of hours worked – such as longevity pay – may be averaged only across no more than 171 hours. Otherwise an employee's regular rate of pay would decrease as an employer increased the amount of regularly scheduled overtime, in express opposition to FLSA's statutory policy of creating a

---

[13]    *Scott v. City of New York*, No. 02 Civ. 9530, 2008 WL 5479512, at *8 (S.D.N.Y. Nov. 10, 2008).

[14]    *See id.* (quoting 29 C.F.R. § 778.108).

5

financial disincentive to overwork employees.[15]  However, compensation clearly tied to work, namely an officer's biweekly salary, must be attributed to particular hours worked.  Therefore, plaintiffs must attribute a portion of an officer's regular salary to the overtime portion of a duty chart – *i.e.* in excess of 171 hours.  Once plaintiffs have determined what portion of an officer's salary payments are attributable to non-overtime work, then the regular rate must be calculated from the average hourly compensation for non-overtime work.

## IV.  CONCLUSION

For the reasons described above, time spent by officers caring for police dogs must be included in calculations of the regular rate of pay.  However, the regular rate of pay must be determined based on a non-overtime work period of no more than 171 hours.  Plaintiffs' expert's damages calculations should be altered to conform with this holding.  The Court will conduct a one-day hearing to resolve any remaining damages issues on March 12, 2009, beginning at 10 a.m.

---

[15]     *See, e.g.*, *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739 (1981).

6

SO ORDERED:

(Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            February 27, 2009

7

## - Appearances -

**For Plaintiffs:**

Thomas P. Puccio, Esq.
Law Offices of Thomas P. Puccio
230 Park Avenue
New York, New York 10169
(212) 883-6383

Gary A. Orseck, Esq.
Lawrence S. Robbins, Esq.
Damon W. Taaffe, Esq.
Robbins, Russell, Englert, Orseck,
        Untereiner & Sauber LLP
1801 K. Street, NW, Suite 411
Washington, DC 20006
(202) 775-4500

Will Aitchison, Esq.
Mark A. Crabtree, Esq.
Aitchison & Vick, Inc.
3021 N.E. Broadway
Portland, Oregon 97232
(503) 282-6160

John T. Brennan, Esq.
Law Offices of John T. Brennan
26 Court Street, Suite 710
Brooklyn, New York 11242
(718) 923-5640

**For Defendants:**

Lorie E. Almon, Esq.
Jeremi L. Chylinski, Esq.
Seyfarth Shaw LLP
620 Eighth Avenue, 32nd Floor
New York, New York 10018
(212) 218-5500

James M. Lemonedes
Andrez Carberry
Assistant Corporation Counsel
100 Church Street, Room 2-108
New York, New York 10007
(212) 788-0922