UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

KEENAN M. SCOTT, *et al.*,

    Plaintiffs,

- against -

CITY OF NEW YORK and THE NEW
YORK CITY POLICE DEPARTMENT,

    Defendants.

------------------------------------------------------X

**MEMORANDUM
OPINION & ORDER**

02 Civ. 9530 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I. INTRODUCTION AND BACKGROUND

Over fifteen thousand current and former New York City police officers and detectives ("plaintiffs") assert that the City of New York and the New York City Police Department ("NYPD") (collectively "defendants") systematically violate plaintiffs' overtime rights under the Fair Labor Standards Act ("FLSA").[1] This lawsuit addresses the policies and practices of the nation's largest police department, and plaintiffs claim hundreds of millions of dollars in damages based on defendants' alleged failures concerning the accrual, use, and payment of

---

[1] 29 U.S.C. §§ 201-219.

1

overtime. This Court must now address whether defendants may be relieved from the FLSA's liquidated damages provision on account of a good faith attempt to comply with the statute.

Plaintiffs brought five claims. Two are relevant to this motion. *First*, plaintiffs claim that some regular work schedules contain overtime, for which they are not compensated (the "chart" claim).[2] *Second*, plaintiffs claim that defendants improperly exclude shift differentials and longevity pay when calculating FLSA overtime rates (the "regular rate" claim).[3]

In August, 2008, this Court granted summary judgment to plaintiffs concerning both of these claims.[4] In November, this Court conducted a jury trial concerning liability on the remaining claims and on whether defendants' violation of the chart claim and the regular rate claim was willful. The jury concluded that defendants had willfully violated plaintiffs' FLSA rights concerning the chart claim and the regular rate claim.[5] The jury further found that defendants had not

---

[2] *See* Amended Complaint ¶¶ 22-31.

[3] *See id.* ¶¶ 32-35.

[4] *See Scott v. City of New York*, 592 F. Supp. 2d 386, 409 (S.D.N.Y. 2008).

[5] *See* Trial Transcript ("Tr.") at 2430-2431.

violated the FLSA with regard to the remaining claims.[6]

## II.   APPLICABLE LAW

"Any employer who violates [the FLSA's overtime provisions] shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages."[7]  However,

> if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA], the court may, in its sound discretion, award no liquidated damages or [a reduced award].[8]

"Under 29 U.S.C. § 260, the employer bears the burden of establishing, by 'plain and substantial' evidence, subjective good faith and objective reasonableness."[9] "The burden . . . 'is a difficult one to meet, however, and [d]ouble damages are the norm, single damages the exception.'"[10]  Where the evidence "is sufficient to

---

[6]   See id. at 2429, 2431-2432.

[7]   29 U.S.C. § 216(b).

[8]   Id. § 260.

[9]   Reich v. Southern N.E. Telecomm. Corp., 121 F.3d 58, 71 (2d Cir. 1997) (quoting Martin v. Cooper Elec. Supply Co., 940 F.2d 896, 907 (3d Cir. 1991)).

[10]   Id. (quoting Brock v. Wilamowsky, 833 F.2d 11, 19 (2d Cir. 1987)).

support the jury's finding of reckless or willful violation," "the resulting compensatory award should be doubled pursuant to the Fair Labor Standards Act's liquidated damages provision."[11]

## III. DISCUSSION

If this Court were free to determine independently whether defendants acted in good faith, I would address evidence presented at trial concerning defendants' consultation of in-house lawyers and outside counsel, along with other compliance efforts.[12] However, the Second Circuit has squarely held – along with the majority of other Circuits[13] – that a district court may not find good faith after a jury has concluded that the employer willfully violated the FLSA.[14] Therefore, I decline to find that defendants acted in good faith and hold

---

[11] *Pollis v. New School for Social Research*, 132 F.3d 115, 120 (2d Cir. 1997) (citing, *inter alia*, *EEOC v. Detroit Health Dep't*, 920 F.2d 355, 358 (6th Cir. 1990)).

[12] *See, e.g.*, Tr. 1789-1791.

[13] *See Alvarez-Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1166 (11th Cir. 2008) (finding that the mandatory liquidated damages rule "puts us on what appears to be the majority side of the circuit split on this issue") (citing, *inter alia*, *Pollis*, 132 F.3d at 120).

[14] This inquiry is necessary to determine the applicable statute of limitations. Although the default statute of limitations for a FLSA claim is two years, upon a finding of willfulness the limitations period is extended to three years. *See* 29 U.S.C. § 255(a).

that plaintiffs are entitled to liquidated damages in equal amount to compensatory damages resulting from the chart claim and the regular rate claim.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            April 24, 2009

## - Appearances -

### For Plaintiffs:

Thomas P. Puccio, Esq.
Law Offices of Thomas P. Puccio
230 Park Avenue
New York, New York 10169
(212) 883-6383

Gary A. Orseck, Esq.
Lawrence S. Robbins, Esq.
Damon W. Taaffe, Esq.
Robbins, Russell, Englert, Orseck,
    Untereiner & Sauber LLP
1801 K. Street, NW, Suite 411
Washington, DC 20006
(202) 775-4500

Will Aitchison, Esq.
Mark A. Crabtree, Esq.
Aitchison & Vick, Inc.
3021 N.E. Broadway
Portland, Oregon 97232
(503) 282-6160

John T. Brennan, Esq.
Law Offices of John T. Brennan
26 Court Street, Suite 710
Brooklyn, New York 11242
(718) 923-5640

### For Defendants:

Lorie E. Almon, Esq.
Jeremi L. Chylinski, Esq.
Seyfarth Shaw LLP
620 Eighth Avenue, 32nd Floor
New York, New York 10018
(212) 218-5500

James M. Lemonedes
Andrez Carberry
Assistant Corporation Counsel
100 Church Street, Room 2-108
New York, New York 10007
(212) 788-0922