UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

KEENAN M. SCOTT, THOMAS LOGAN,
JOHN LOOMIS, ROBERT DAVIDSON,
AND MICHAEL C. DEMARTINO, et al.,

        **Plaintiffs,**

  - against -

CITY OF NEW YORK and THE NEW
YORK CITY POLICE DEPARTMENT,

        **Defendants.**

------------------------------------------------------------X

**MEMORANDUM
OPINION AND ORDER**

02 Civ. 9530 (SAS)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/21/09

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I. INTRODUCTION

      Thomas P. Puccio moves for reconsideration of the attorney's fees awarded for his representation of plaintiffs on the ground that the identical time entries identified by defendants, some of which repeat as often as four times during the period July 2, 2008 through September 2, 2008, accurately reflect work performed by him. According to Puccio, the additional twenty percent (20%) reduction applied by this Court to his fees is unwarranted and should be vacated.[1]

---

    [1] *See Scott v. City of New York*, No. 02 Civ. 9530, 2009 WL 2610747, at *6 (S.D.N.Y. Aug. 25, 2009) ("Accordingly, to adjust for these suspicious

Defendants oppose reconsideration, arguing the following: failure to submit contemporaneous time records; undue delay in the commencement of the fee application in dispute; and implausibility of the explanation provided for the repeating entries. For the following reasons, Puccio's motion for reconsideration is denied.

## II. LEGAL STANDARD

Motions for reconsideration are governed by Local Rule 6.3 and are committed to the sound discretion of the district court.[2] Local Rule 6.3 requires the moving party to file a motion for reconsideration within ten days of the disputed ruling.[3] A motion for reconsideration is appropriate where "'the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached

---

multiple entries and to sanction Puccio, in part, for not submitting contemporaneous time records, this Court will reduce his fees by another twenty percent.").

[2] *See Patterson v. United States*, No. 04 Civ. 3140, 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006 ) ("The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court.") (citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983).

[3] *See* Local Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

2

by the court."[4] A motion for reconsideration may also be granted to "'correct a clear error or prevent manifest injustice.'"[5]

The purpose of Local Rule 6.3 is to "'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'"[6] Local Rule 6.3 must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court."[7] Courts have repeatedly been forced to warn counsel that such motions should not be made reflexively to reargue "'those issues already considered when a party does not like the way the

---

[4] *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (quotation omitted).

[5] *RST (2005) Inc. v. Research in Motion Ltd.*, No. 07 Civ. 3737, 2009 WL 274467, at *1 (S.D.N.Y. Feb. 4, 2009) (quoting *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

[6] *Grand Crossing, L.P. v. United States Underwriters Ins. Co.*, No. 03 Civ. 5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008) (quoting *S.E.C. v. Ashbury Capital Partners*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001)). *Accord Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, 233 F.R.D. 355, 361 (S.D.N.Y. 2005) ("[A] movant may not raise on a motion for reconsideration any matter that it did not raise previously to the court on the underlying motion sought to be reconsidered.").

[7] *United States v. Treacy*, No. 08 CR 366, 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009) (quotation omitted). *Accord Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (holding that a court will deny the motion when the movant "seeks solely to relitigate an issue already decided.").

original motion was resolved.'"[8] A motion for reconsideration is not an "opportunity for making new arguments that could have been previously advanced,"[9] nor is it a substitute for appeal.[10]

## III. DISCUSSION

### A. Puccio's Application Does Not Meet the Standard for Reconsideration

In his letter seeking reconsideration, Puccio does not provide additional data overlooked by this Court in its original decision. Rather, he provides the following explanation for the time records he submitted:

> In order to support my application I hired four outside paralegals and made available to them all the pertinent records which were readily available to me with the goal of presenting a fair and reasonable billing summary reflecting the work I performed in this matter. Operating under my instructions this team put together what I believe to be an extremely conservative application which substantially understated the amount of time I devoted to this case over a period of six years and reflected no disbursements whereas there were significant ones made by my firm.

---

[8] *Makas v. Orlando*, No. 06 Civ. 14305, 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008) (quoting *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)).

[9] *Associated Press v. United States Dep't of Defense*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).

[10] *See Grand Crossing, L.P. v. United States Underwriters Ins. Co.*, No. 03 Civ. 5429, 2008 WL 4525400 (S.D.N.Y. Oct. 6, 2008).

> Unfortunately the paralegals performing this task had no previous knowledge of the case and I was thoroughly immersed in a trial . . . with no real time to spend on the papers submitted by the Court.[11]

The above explanation provides no new information.[12] This Court was well aware from the beginning that Puccio did not submit contemporaneous time records but nonetheless gave him the benefit of the doubt.[13]

### B. Inaccuracy of Submitted Time Records

In opposing plaintiffs' fee award, defendants pointed out that "[a] significant number of entries [43 in fact], identical in punctuation, spacing, and

---

[11] 8/28/09 Letter from Thomas P. Puccio ("Puccio Ltr.") at 1.

[12] One aspect of this explanation is troubling. Puccio now appears to claim that he has not been reimbursed for expenses incurred in this litigation that were "made by [his] firm." However, in his moving papers, Puccio states that "[a]lthough there were significant unreimbursed out of pocket costs incurred by my firm, we will not bill any disbursements in this matter inasmuch as the bulk of the costs of this litigation were underwritten by the PBA." Declaration of Thomas P. Puccio in Support of Plaintiff's Application for an Award of Attorneys' Fees and Reimbursement of Expenses at 1 n.1.

[13] See Scott, 2009 WL 2610747, at *6 ("Puccio did not submit contemporaneous time records in support of plaintiffs' fee application for his share of the fees. Instead, Puccio had his office staff re-create his time records based on e-mails and other sources. This, alone, is fatal to an attorney's fees request. But this Court will give Puccio the benefit of the doubt and presume that the records submitted constitute some semblance of his actual time charges.").

even in typos, appear as many as four times in a cyclical pattern."[14] In his motion for reconsideration, Puccio offers the following explanation for these repeating, identical time entries:

> All of the questioned entries during the period in question accurately reflect the work performed . . . . The fact that identical descriptions are repeated as many as four times is occasioned by the fact that certain descriptions were used to describe similar although not identical activity and were cut and pasted in multiple entries for the sake of speed and convenience given the limited time frame within which to complete the summary. For example, an email exchange among the same parties on the same subject on different dates received an identical description although the content of the exchanges was different. The nature of the exchanges highlighting differences on different dates with identical descriptions could have been described in distinguishing detail if time permitted.[15]

The following tables represent a summary of the identical time entries contained in Puccio's time records and the dates on which they repeat.

---

[14] Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Attorneys' Fees at 11. *See also* Declaration of Georgia Pestana in Opposition of Plaintiffs' Request for Attorneys' Fees and Costs ¶ 7 ("For the period July 2, 2008 – September 2, 2008, the same 43 entries appear in Puccio's time records in a cycle that repeats as many as four times.") (tabulating entries and corresponding dates).

[15] Puccio Ltr. at 2.

| Description | 7/2 | 7/3 | 7/30 | 7/31 | 8/15 | 8/27 |
|---|---|---|---|---|---|---|
| (1) Exchange email with WA, GO, DT re: Scott | X | | | X | X | X |
| (2) Review email from GO re: Draft Letter to Judge Scheindlin – please weigh in; JM re: letter to Judge | X | | X | | X | X |
| (3) Review court filing | X | | X | | | X |
| (4) Review email from DT re: Scott -- | X | | | X | | |
| (5) Review email from GO, DT re: Scott | X | | | X | | |
| (6) Review emails from GO re: Scott, Demand letters | X | | | X | | X |

| Description | 7/3 | 7/7 | 7/31 | 8/15 | 8/18 | 8/28 |
|---|---|---|---|---|---|---|
| (7) Review email from JM, GO re: August Meeting | X | | X | X | | X |
| (8) Review email from LA, GO re: Scott | | X | X | | X | X |

| Description | 7/8 | 7/9 | 8/1 | 8/18 | 8/28 | 8/29 |
|---|---|---|---|---|---|---|
| (9) Review emails from WA, LA, GO re: Scott, Erath, Expert Deposition | X | | X | X | X | |
| (10) Review emails from DT, GO, LA, WA re: FLSA Lawsuit, Scott | | X | X | | | X |
| (11) Review emails from GO, DT, LA, LR, JM WA re: Potential letter to Scheindlin, Scott | | X | X | X | X | |

7

| Description | 7/11 | 8/1 | 8/4 | 8/19 | 8/29 |
|---|---|---|---|---|---|
| (12) Review emails from GO, JM VS re: Tom, Scott | X | | X | X | X |
| (13) Review emails from GO, LA, WA re: Murray Simpson, Scott | X | X | | X | X |
| (14) Review emails from MS, WA re: Erath | X | | X | X | X |

| Description | 7/14 | 7/15 | 7/16 | 8/5 | 8/6 | 8/20 | 8/29 |
|---|---|---|---|---|---|---|---|
| (15) Review email from GO, LA, RC, WE re: Erath, Scott, co-counsel | X | | | | X | X | X |
| (16) Review email from JM re; Scott | X | | | X | | X | X |
| (17) Review emails from DT, GO, WA re: Scheindlin | | X | | | X | X | X |
| (18) Review emails from GO, WA re: Hearing, Conferences | | X | | | | X | X |
| (19) Exchange emails from DT, GO, MS, WA re: discussions, Scott, Settlement conference | | | X | | X | X | X |

| Description | 7/16 | 7/17 | 8/8 | 8/20 | 8/29 | 8/30 |
|---|---|---|---|---|---|---|
| (20) Review emails form GO, LA, MM re: Settlement Conference | X | | X | X | X | |
| (21) Exchange emails with GO, MM, WA, co-counsel re: discussions | | X | X | X | | X |

8

| Description | 7/17 | 8/8 | 8/9 | 8/20 | 8/30 |
|---|---|---|---|---|---|
| (22) Exchange emails with GO, RC re: Mediation | X | X |  | X | X |
| (23) Review emails from, GO, RC, WA re: Scott; Review court transcript | X |  | X | X | X |

| Description | 7/18 | 7/20 | 7/22 | 7/24 | 8/11 | 8/21 | 8/30 |
|---|---|---|---|---|---|---|---|
| (24) Review email from GO re: August 13 | X |  |  |  | X | X | X |
| (25) Review email from LA, MM, RC, WA re: Mediation, Erath; Exchange email with co-counsel | X |  |  |  | X | X | X |
| (26) Exchange emails with GO, JC, RC re: Mediation, Beck v. Cleveland, Scott |  | X |  |  | X | X | X |
| (27) Review email from RC re: Scott |  |  | X |  | X | X | X |
| (28) Review emails from JM, LA re: Scott, Messages |  |  | X |  | X | X | X |
| (29) Exchange emails from GO, RC re: Scott, Eterno |  |  |  | X | X | X | X |

| Description | 7/24 | 7/25 | 8/12 | 8/14 | 8/21 | 8/22 | 8/30 |
|---|---|---|---|---|---|---|---|
| (30) Exchange emails with GO, JL, JL re: Scott; Select plaintiff witnesses; Telephone conversation with MS; Exchange emails with co-counsel | X |  |  | X |  | X | X |
| (31) Review email from GO re: Scott; Preparation for and attendance meeting with co-counsel | X |  | X |  | X |  | X |
| (32) Review emails from PC, LA re: Scott | X |  | X |  |  | X | X |

9

| Description | 7/25 | 7/28 | 8/14 | 8/25 | 8/26 | 9/2 |
|---|---|---|---|---|---|---|
| (33) Review email from GO re: Tom | X | | X | X | | |
| (34) Review emails from DT, GO, RC, WA re; Scott, Scholarly presentations, Trail [sic] Witnesses, other developments | X | | X | X | | X |
| (35) Review emails from DT, JE re: Thursday prep; GO, LA re: Scott | X | | X | X | | X |
| (36) Review emails from GO, LA, LR RC re: Scott; DT re: survey results | X | | X | X | | X |
| (37) Review email from JC re: Scto [sic]; DT re: CBAs; DT, GO, RW re Scheindlin chambers' WA re: liquidated damages | | X | | | X | |

| Description | 7/29 | 7/30 | 8/15 | 8/26 | 8/27 |
|---|---|---|---|---|---|
| (38) Exchange emails with GO, LR, WA re: Scheindlin's Decision on SJ | X | | | | X |
| (39) Exchange of e-mail with co-counsel re: status of case and settlement | X | | X | | X |
| (40) Review email from DT, GO, LR, WA re: Scheindlin's Decision on SJ; Review email from GO, LA re: Scott; Exchange of e-mail with co-counsel re: chart claim, summary judgment decision | X | | X | | X |
| (41) Review emails from WA, GO, MM, VD, JM, RW | X | | | X | |
| (42) Review of summary judgement [sic] decision; Exchange of e-mail with co-counsel; review of caselaw [sic] re: same | X | | X | X | |

10

| | | | | | |
|---|---|---|---|---|---|
| (43) Review emails from WA re: PBA; DT, LR re: reasons for denial WA re: FLSA | | X | X | | X |

The above tables illustrate not only that identical time entries repeat as often as four times but that certain dates include the same multiple identical time entries. For example, on July 2, 2008, there are six repeating time entries (1 - 6). On August 27, 2008, four of these six entries appear again (1, 2, 3, and 6). While it may be plausible for a single time entry to repeat at random times, the odds that four identical time entries would repeat on two of the same dates are long indeed. Similarly, July 31, 2008 and August 28, 2008, contain two identical time entries (7 and 8) while entries 10 and 11 repeat on both July 9, 2008, and August 1, 2008. Entries 12, 13, and 14 repeat on July 11, 2008, August 19, 2008, and August 29, 2008, while entries 15 - 19 repeat on August 20, 2008, and August 29, 2008. Entries 20 and 21 are included on both August 8, 2008, and August 20, 2008, while entries 22 and 23 are included on July 17, 2008, August 20, 2008, and August 30, 2008.

The problem gets worse toward the end of the period. On August 11, 21, and 30, 2008, entries 24 - 29 are repeated verbatim. Entries 30, 31, and 32 are included on July 24, 2008 and August 30, 2008. Entries 33 - 36 are included on July 25, 2008, August 14, 2008, and August 25, 2008, while September 2, 2008

11

contains entries 34-36. Finally, entries 39 and 40 are listed on July 29, 2008, August 15, 2008, and August 27, 2008. Again, the odds that an attorney would perform the same subgroups of more than one repeating activity on multiple dates are very long. These repetitions reveal the inaccuracy of the time records Puccio submitted. For this reason alone, reconsideration is not warranted.

C.   **Contemporaneous Time Records**

> In moving for reconsideration, Puccio states that,
>
> > although I am not a Plaintiff's lawyer, I accepted this matter at the request of the PBA under a contingency arrangement. In light of this I did not keep contemporaneous records and only belatedly realized that they might be expected in a fee application separate and apart from any share in the recovery.[16]

Defendants dispute Puccio's "belated realization" of the requirement to keep contemporaneous time records, citing his Supplemental Declaration in which Puccio describes his extensive experience in civil litigation, including employment and civil rights cases.[17] Defendants have a point. Furthermore, if Puccio did not keep contemporaneous time records because he undertook this litigation on contingency, presumably he did not expect to recover statutory attorney's fees.

---

[16]   Puccio Ltr. at 1.

[17]   *See* 9/1/09 Letter from Georgia Pestana, Assistant Corporation Counsel, at 1.

12

Ideally, and in theory, Puccio could have abided by the terms of the contingency agreement and not sought court awarded fees. In any event, the failure to submit contemporaneous time records can prove fatal to an attorney's fees request.[18] Accordingly, the twenty percent reduction, which was imposed, in part, to sanction Puccio for failing to submit contemporaneous time records, stands on this independent ground.

## IV. CONCLUSION

Puccio was awarded attorney's fees of $515,179.28. This is not an ungenerous award, albeit for six years of work. No further award is warranted.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         September 18, 2009

---

[18] *See New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983) ("Hereafter, any attorney . . . who applies for court-ordered compensation in this Circuit for work done after the date of this opinion must document the application with contemporaneous time records. These records should specify, for each attorney, the date, the hours expended, and the nature of the work done.").

- Appearances -

For Plaintiffs:

Will Aitchison, Esq.
Aitchison & Vick, Inc.
3021 N.E. Broadway
Portland, OR 97232
(503) 282-6160

Gary Orseck, Esq.
Robbins Russell Englert
 Orseck & Untereiner
1801 K Street, NW, Suite 411
Washington, D.C. 20006
(202) 775-4500

Thomas P. Puccio, Esq.
Law Offices of Thomas P. Puccio
230 Park Avenue
New York, NY 10169
(212) 883-6383

For Defendants:

James Lemonedes
Georgia Pestana
Assistant Corporation Counsel
100 Church Street
New York, NY 10007
(212) 788-0862