UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

KEENAN M. SCOTT, THOMAS LOGAN,
JOHN LOOMIS, ROBERT DAVIDSON,
AND MICHAEL C. DEMARTINO, et al.,

                Plaintiffs,

- against -

CITY OF NEW YORK and THE NEW
YORK CITY POLICE DEPARTMENT,

                Defendants.
------------------------------------------------------X

**MEMORANDUM
OPINION AND ORDER**

02 Civ. 9530 (SAS)



SHIRA A. SCHEINDLIN, U.S.D.J.:

        Plaintiffs, current and former employees of the New York City Police Department ("NYPD"), brought suit against the City of New York ("City") and the NYPD for alleged violations of the Fair Labor Standards Act ("FLSA"),[1] for which they sought more than $700 million in damages.[2] After the jury awarded plaintiffs $900,000 in damages, plaintiffs requested an award of attorneys' fees and costs for the time and expense incurred by counsel in prosecuting this action.[3] In particular,

---

    [1]     29 U.S.C. §§ 201-219.

    [2]     This case is a collective action with more than ten thousand plaintiffs.

    [3]     This action was filed on November 27, 2002. The jury returned a verdict on December 3, 2008. Puccio's time charges begin on July 10, 2002, before the action was filed, and end on December 31, 2008, a period of more than

1

plaintiffs sought $2,035,867.50 in fees[4] for solo practitioner Thomas P. Puccio.[5] After adjusting both the number of hours and the hourly rates submitted by Puccio,[6] and after making two across-the-board percentage reductions,[7] this Court awarded plaintiffs $515,179.28 for fees incurred by Puccio.[8] The amount of fees awarded ($515,179.28) represents slightly more than twenty-five percent (25%) of

---

six years. *See* Summary of Reconstructed Time Charges, Ex. A to the 6/30/09 Declaration of Thomas P. Puccio in Support of Plaintiffs' Application for an Award of Attorneys' Fees and Reimbursement of Expenses.

[4] Initially, Puccio agreed to litigate this matter on a contingency fee basis whereby the total compensation for all of the plaintiffs' attorneys was set at one-third of plaintiffs' net recovery.

[5] *See Scott v. City of New York*, No. 02 Civ. 9530, 2009 WL 2610747, at *1 (S.D.N.Y. Aug. 25, 2009). Plaintiffs did not seek an award for Puccio's costs as the "bulk of the costs of this litigation were underwritten by the PBA." *Id.* at *1, n.10 (quotation marks and citation omitted).

[6] Puccio's total number of hours, 2,090.87, was reduced by 418.21 hours, leaving 1,672.66 in compensable hours. *See id.* at *6. Puccio's requested hourly rates, which ranged from $750 to $1,000 per hour, were reduced to $550 per hour for all time charged. *See id.* Thus, Puccio's lodestar, before the percentage reductions were applied was $919,963. *See id.*

[7] The first thirty percent (30%) across-the-board reduction, "due to plaintiffs' limited recovery," was applied to the fee requests of all attorneys *Id.* at *5. "Applying the same thirty percent 'limited success' reduction result[ed] in a fee award of $643,974.10." *Id.* at *6. Puccio's fees were then reduced by another twenty percent (20%) to adjust for "suspicious multiple entries" and to "sanction Puccio, in part, for not submitting contemporaneous time records." *Id.* Thus, plaintiffs were awarded $515,179.28 for fees incurred by Puccio. *See id.*

[8] *See id.* at *6.

2

the amount of fees requested ($2,035,867.50).[9]

The City appealed the fee award and Puccio cross-appealed.[10] The Second Circuit vacated the fee award and remanded the case for further proceedings "[b]ecause the district court did not explain the basis on which Puccio was excepted from the requirement that attorneys submit contemporaneous time records with their fee applications. . . ."[11] The Second Circuit noted that after *Carey*, there are "few examples" where a district court could award fees "in the absence of full contemporaneous records."[12] With regard to these exceptions, the Court of Appeals stated:

> While we can imagine rare circumstances where an award of fees might be warranted even in the total absence of contemporaneous records – such as where the records were consumed by fire or rendered irretrievable by a computer malfunction before counsel had an opportunity to prepare his application – the circumstances justifying such an exception would have to be found by the awarding court

---

[9]   $515,179.28 ÷ $2,035,867.50 = 0.2530514 or 25.31%

[10]   *See Scott v. City of New York*, 626 F.3d 130, 132 (2d Cir. 2010). The City appealed the fee award to the extent that Puccio was awarded any fees at all while Puccio challenged the hourly rate set by this Court. *See id.*

[11]   *Id.* at 131. *See id.* at 134 ("We remand this case to the district court so that it may explain why in its view Puccio's circumstances warrant applying an exception to the general rule in *Carey*.") (citing *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983)).

[12]   *Id.* at 133.

and laid out in sufficient detail to permit review of the justification on appeal.

Thus, "*Carey* establishes a strict rule from which attorneys may deviate only in the rarest of cases."[13]

Both sides submitted post-remand letters in support of their respective positions.[14] The City argues that Puccio's failure to submit contemporaneous time records should be a complete bar to any fee award.[15] Puccio opposes the City's view, arguing that

> the nature of the case and the circumstances of my retention by plaintiffs, the detailed records on which the fee application was made, the conservative approach I took in seeking a fee award and the Court's own familiarity with the case and issues presented and observation of much of the work that I performed in the case collectively indicate that a fee award in this case is warranted, despite the fact that I did not keep traditional time records.[16]

---

[13] *Id.*

[14] *See* 1/7/11 Letter from Thomas P. Puccio (hereinafter the "Puccio Ltr."); 1/14/11 Letter from Assistant Corporation Counsel Blanche Greenfield (hereinafter the "City Ltr.").

[15] *See* City Ltr. at 3 ("Thus, for all of the reasons set forth in defendants' original opposition papers to Puccio's motion for fees, and for the reasons set forth herein, defendants respectfully request that Puccio's fee application be denied in its entirety.").

[16] Puccio Ltr. at 1-2.

Puccio further argues that the reconstructed time charges he submitted to this Court in support of plaintiffs' fee application were based on other contemporaneous records including "e-mails, electronic court dockets, phone records, and electronically stored case files."[17] For example, deposition transcripts indicate beginning and ending times as do court transcripts for those proceedings recorded by court reporters.[18] In addition, the contemporaneous time records of Puccio's co-counsel often include the length of court conferences, in-person attorney meetings, and telephone conferences in which Puccio is identified as a participant.[19] Thus, many of the tasks for which Puccio is seeking compensation were tied to an independently kept, contemporaneous record.[20]

After reviewing these letters, the original fee award, and the Second Circuit's decision in detail, I conclude that there must be an exception to *Carey* based on my own personal observation of Puccio and his contribution to this extraordinarily lengthy and complex litigation.[21]

---

[17]    *Id.* at 2.

[18]    *See id.*

[19]    *See id.*

[20]    *See id.* at 3.

[21]    *See id.* at 3 ("Another factor lending reliability to my application was the fact that the Court was able to observe and evaluate my participation throughout the proceedings in the case.").

Puccio, who is primarily a criminal defense attorney, is a highly respected member of the bar. Puccio, and his outstanding reputation as a skilled litigator and effective advocate, are well known to this Court. It would be fundamentally unfair and inequitable to deprive Puccio of an already deeply discounted fee award where this Court personally observed the vital and integral role he played in this protracted FLSA action.

I personally observed Puccio function as lead trial counsel in a trial that lasted sixteen days, from 10:00 a.m. to 4:30 p.m. each day. Puccio was present for the entire trial and he gave the closing argument. When a modest travel allowance is added, the trial alone accounts for approximately 120 hours of in-court work.[22] In addition, Puccio was present for most of the numerous in-person and telephone conferences that preceded the trial.[23] I also received many letters and faxes from Puccio throughout the course of the litigation.

While Puccio has not presented this Court with the type of exception noted by the Second Circuit – e.g., a fire or a computer malfunction – fundamental

---

[22] The average trial day lasted approximately 6.5 hours, conservatively speaking. When one-half hour is added each way for travel, the result is 7.5 hours which, when multiplied by 16 trial days, amounts to 120 hours.

[23] *See* Puccio Ltr. at 3 ("Not only was there a trial, but also numerous in-court and telephonic conferences that gave the Court an opportunity to see some of my work performed and evaluate my preparation.").

concepts of fairness mitigate against the denial of *any* fee under the circumstances presented here. I surely appreciate the need for a bright line rule requiring the submission of contemporaneous time records. And I am loathe to create a "personal observation" exception. Nonetheless, given Puccio's extensive involvement in the case for more than six years, his severely reduced fee award, his predominantly criminal practice, and his role as lead trial counsel, *no* fee would be fundamentally unfair. In sum, despite the fact that Puccio did not submit contemporaneous time records in support of his fee application, I conclude that the deeply discounted original fee award of $515,179.28 is reasonably supported by the record in this case and my personal observation of Puccio's efforts throughout this litigation.[24]

Accordingly, the parties are directed to notify the Clerk of the Court, in writing and within twenty-one (21) days of this Memorandum Opinion and Order, if either side wishes to continue the appeal and thereby restore jurisdiction with the Second Circuit.

---

[24] Using Puccio's adjusted hourly rate of $550 per hour, the original fee award of $515,179.28 represents approximately 937 hours of work ($515,179.28 ÷ $550 per hour = 936.6896 hours). The trial alone accounts for 120 hours. That leaves 817 hours of time which, when allotted over six years of vigorous litigation, averages approximately 136 hours per year or 2.6 hours per week.

SO ORDERED:

_____
Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         March 9, 2011

## - Appearances -

**For Plaintiffs:**

Will Aitchison, Esq.
Aitchison & Vick, Inc.
3021 N.E. Broadway
Portland, OR 97232
(503) 282-6160

Gary Orseck, Esq.
Robbins Russell Englert
 Orseck & Untereiner
1801 K Street, NW, Suite 411
Washington, D.C. 20006
(202) 775-4500

Thomas P. Puccio, Esq.
Law Offices of Thomas P. Puccio
230 Park Avenue
New York, NY 10169
(212) 883-6383

**For Defendants:**

James Lemonedes
Blanche Greenfield
Assistant Corporation Counsel
New York City Department of Law
100 Church Street
New York, NY 10007
(212) 788-0862