09-3943-cv (L)
Scott v. City of New York



# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term 2010

(Argued: October 26, 2010)  Decided: May 24, 2011)

Docket Nos. 09-3943-cv (L), 09-5232-cv (XAP)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 24, 2011

Keenan Scott, et al.,

*Plaintiffs-Appellee-Cross-Appellant,*

— v.—

City of New York,

*Defendant-Appellant-Cross-Appellee.*

Before:

MINER, KATZMANN, and HALL, *Circuit Judges.*

This case returns to us following our remand of it to the United States District Court for the Southern District of New York (Scheindlin, *J.*) in December of last year. *See Scott v. City of New York*, 626 F.3d 130 (2d Cir. 2010) (per curiam). In that decision, we considered to what extent, if at all, our rule announced almost three decades ago in *New York State Ass'n for*

1

CERTIFIED COPY ISSUED ON 05/24/2011

*Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983), allows a district court to award attorney's fees notwithstanding the fact that the applying attorney failed to keep contemporaneous time records. *See Scott*, 626 F.3d at 132-34. We concluded that *Carey* establishes what is essentially a hard-and-fast-rule "from which attorneys may deviate only in the rarest of cases," *id.* at 133, and that any deviations from the rule must be based on circumstances expressly found by the awarding court, in the first instance, to merit such deviation, *id.* at 134. Because a district court's "personal observation" of an attorney's work is not by itself a sufficient basis for permitting a deviation and awarding fees in the absence of contemporaneous records, the most recent order of the district court reinstating its original award of attorney's fees is **VACATED**, and the case is **REMANDED** for further proceedings consistent with this opinion.

VACATED AND REMANDED.

---

THOMAS P. PUCCIO, The Law Offices of Thomas P. Puccio, New York, NY, *for Plaintiffs-Appellee-Cross-Appellant*.

DEBRORAH A. BRENNER, for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY, *for Defendant-Appellant-Cross-Appellee*.

---

*Per Curiam*:

This case returns to us following our remand of it to the United States District Court for the Southern District of New York (Scheindlin, *J.*) in December of last year. *See Scott v. City of New York*, 626 F.3d 130 (2d Cir. 2010) (per curiam). In that decision, we considered to what extent, if at all, our rule announced almost three decades ago in *New York State Ass'n for*

2

*Retarded Children v. Carey, Inc.*, 711 F.2d 1136 (2d Cir. 1983), allows a district court to award attorney's fees notwithstanding the fact that the applying attorney failed to keep contemporaneous time records. *See Scott*, 626 F.3d at 132-34. We concluded that *Carey* establishes what is essentially a hard-and-fast-rule "from which attorneys may deviate only in the rarest of cases," *id.* at 133, and that any deviations from the rule must be based on circumstances expressly found by the awarding court, in the first instance, to merit such deviation, *id.* at 134. Because a district court's "personal observation" of an attorney's work is not by itself a sufficient basis for permitting a deviation and awarding fees in the absence of contemporaneous records, the most recent order of the district court reinstating its original award of attorney's fees is **VACATED**, and the case is **REMANDED** for further proceedings consistent with this opinion.

 A full recitation of the underlying facts of this case may be found in our original decision. *See Scott*, 626 F.3d at 131-32. For our purposes here, it is sufficient to state only that this dispute arises from the district court's decision to award Thomas P. Puccio $515,179.28 in attorney's fees pursuant to the Fair Labor Standards Act's fee shifting provision, 29 U.S.C. § 216(b) (2006), for work performed in successfully litigating a case against the City of New York. *See Scott v. City of New York*, No. 02 Civ 9530 (SAS), 2009 U.S. Dist. LEXIS 78078 (S.D.N.Y. Aug. 25, 2009). Attorney Puccio did not keep contemporaneous records, and the City appealed the award, arguing that it violated the *Carey* rule, which explicitly requires that such records be kept.

 On appeal, we parsed the language of *Carey* and determined that:

> *Carey* sets out unequivocally that absent unusual circumstances attorneys are required to submit contemporaneous records with their fee applications. The

3

> permissive language at the end of the opinion recognizes that exceptions to the rule may exist. The strength with which we articulated the general rule, however, signals that any possible exceptions are minimal and limited in scope. In other words, *Carey* establishes a strict rule from which attorneys may deviate only in the rarest of cases.

626 F.3d at 133. We noted that there were no examples in this Circuit of attorneys receiving fees in cases in which they had failed to provide at least some contemporaneous records, and we suggested that any such instance might only be justified by truly unusual circumstances beyond the applying attorney's control. *Id.* at 133-34. Although there was nothing that we found in the record to indicate the presence of anything out of the ordinary, we remanded the case to the district court "so that it may explain why in its view Puccio's circumstances warrant applying an exception to the general rule in *Carey*." *Id.* at 134. We retained jurisdiction over any appeal following remand pursuant to the procedures set out in *United States v. Jacobson*, 15 F.3d 19, 21-22 (2d Cir. 1994). *Scott*, 626 F.3d at 134.

The district court on remand reinstated Puccio's original award of $515,179.28 in attorney's fees. Although it stated that it was "loathe" to make an exception to *Carey* based on personal observation, it did just that. *Scott v. City of New York*, No. 02 Civ. 9530 (SAS), 2011 U.S. Dist. LEXIS 25217, at *7-*9 (S.D.N.Y. Mar. 9, 2011). The court described the important role that Puccio played in the litigation, recounting his work at trial and participation in conferences. *Id.* at *7-*8. It estimated that, when reasonable travel time was included, the trial by itself accounted for 120 hours of work, and judged that it was fair to attribute to Puccio the additional 817 hours needed to justify his original award given the length of the case. *Id.* at *9 n.24. Overall, the district court found that it simply would be inequitable to deny Puccio an award where it knew first-hand of his work in the case and good standing among the bar. *Id.* at

\*7-\*8.

An award based entirely on the district court judge's personal observation and opinions of the applying attorney, however, is contrary to *Carey* and must be vacated. If nothing else, permitting that basis for what should be a rare exception is completely unfair to an attorney who has done identical work, failed to keep the required contemporaneous records but whose reputation is unknown to the judge. It would also be unfair to that lesser-known attorney who has done good work but for one reason or another has failed to impress the judge. Moreover, such an "exception" is not an exception to the *Carey* rule at all. It is an abrogation. We interpreted *Carey* as conditioning attorney's fees on contemporaneous records in all but the "rarest of cases." *Scott*, 626 F.3d at 133. A district court judge has an opportunity to see and evaluate a lawyer's work in *all* cases. On appellate review there are additional considerations. As we recognized in *Carey*, it is difficult if not impossible for courts of appeal to meaningfully review awards based entirely on a district court's sense of fairness. 711 F.2d at 1147. Without contemporaneous records "we have little choice but to show considerable deference to the District Court's conclusion as to how many hours were reasonably compensable." *Id.* Abuse of discretion review in these instances, however, requires a more searching inquiry. While it is true that we will—by default—need to rely on a district court's estimate of compensable time when *Carey*'s narrow exception is triggered, such deference is a necessary evil brought about only by some other good reason. It is not a justification unto itself.

We have been pointed to no evidence that would permit us to conclude that this case falls within an exception to the *Carey* rule that would justify an award of all the fees for time that might be documented by an attorney's contemporaneous records. Nonetheless, we are persuaded

5

that Puccio should be eligible to recover limited fees for any contemporaneously documented time that he was physically before the district court. We thus hold that entries in official court records (e.g. the docket, minute entries, and transcriptions of proceedings) may serve as reliable documentation of an attorney's compensable hours in court at hearings and at trial and in conferences with the judge or other court personnel. Where the court's docket reflects that Puccio was in the courtroom participating in trial or was in chambers in conference with the judge and other counsel,[1] these entries, comparable to contemporaneous attorney time records, may be effective substitutes for Puccio's own contemporaneous records. In so holding, we hasten to add that this is not an invitation for district courts to engage in the type of conjecture that has occurred here with respect to Puccio's purported 120 hours of trial time. Instead, attorneys seeking fees must point to entries in the official court records that specifically and expressly demonstrate their presence before the court and indicate with reasonable certainty the duration of that presence. No accommodation is to be made for travel time or out-of-court preparation because that will vary from attorney to attorney and issue by issue. Finally, we emphasize that the onus of gathering the applicable docket entries and other court records, if any, is on the applying attorney, not the district court. The district courts are under no obligation to award fees based on such time. Our holding today merely clarifies that using such remedies in this limited fashion will not run afoul of *Carey* if the district court chooses to do so. We believe that such a regime prevents a totally inequitable result in cases such as this while, at the same time, preserving the strong incentive *Carey* creates for lawyers to keep and submit

---

[1] If properly documented in the official court records, Puccio may also recover for time spent conferencing by phone with the district court.

contemporaneous records.

Accordingly, we **VACATE** the district court's order reinstating Puccio's attorney's fees, and **REMAND** the case to the district court so that it may allow Puccio to submit a new application for attorney's fees based exclusively on official court records as set out above. The district court is further instructed to apply to those hours it finds substantiated in such records the hourly rate of $550 as previously determined by the court, see *Scott*, 02 Civ. 9530 (SAS), 2009 U.S. Dist. LEXIS 78078, at *23 & n.45, which we hold is reasonable.[2]

---

[2] Nothing stated herein is intended to preclude the parties from examining the applicable court records and, based on those records, stipulating to the attorney hours thus documented.

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit