# LAW OFFICES OF THOMAS P. PUCCIO

230 PARK AVENUE
SUITE 301
NEW YORK, N.Y. 10169
―
TEL: 212-883-6383
FAX: 212-883-6388
E-MAIL: tpuccio@lotpp.com

July 11, 2011

The Honorable Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street – Room 1620
New York, NY 10007

      Re:    Keenan Scott, et al. v. City New York
                Dockets 09-3943-cv(L); 09-5232-cv(XAP)

Dear Judge Scheindlin:

      I represent the plaintiffs in the above captioned action and write to draw the Court's attention to recent developments in the law that, I respectfully submit, should guide the Court's consideration of plaintiffs' fee application on remand.

      Specifically, plaintiffs submit that the Supreme Court's recent opinion in *Fox v. Vice*, --- U.S. ---, Case No. 1—114 (June 6, 2011) reaffirms the propriety of Your Honor's initial approach to the fee application that I submitted and severely constricts the appellate court's ability to overturn the district court's decision on a fee application, given its "front line" observation of the attorney work at issue.

      The *Fox* case emanated from accusations of campaign improprieties in an election to choose the police chief of Vinton, Louisiana. Specifically, the challenger, Fox, accused the incumbent, Vinton, of defamation and violations of the Civil Rights statutes, specifically 42 U.S.C. §1988. *Fox v. Vice,* --- U.S. ---, Slip Op. at 1-2 (June 6, 2011). The case was removed from the Louisiana state courts and, ultimately, the district court dismissed the §1988 claims, finding that they were frivolous. *Id.* at 2. Accordingly, the defendant moved for attorneys' fees with respect to the dismissed §1988 claims and the court awarded him $48,681.00. *Id.* at 3. The Fifth Circuit affirmed, holding that, because the work done by defendant's attorneys prior to the dismissal of the federal claims focused almost exclusively on those claims, defendant was entitled to virtually all of the fees expended in the case. *Id.* at 3-4. Determining to resolve a split among the circuits as to the appropriate standard to apply in cases where some claims are determined to be frivolous and others are permitted to go forward, the Supreme Court granted certiorari. *Id.* at 4.

In reversing the Fifth Circuit, the Supreme Court clarified that, in determining the amount of fees to be awarded in such cases, the court should allow only those fees that would not have been incurred "but for" the frivolous claims. *Id.* at 8. It also re-emphasized some of the fundamental rules incumbent on all courts in considering fee applications:

- It ruled that "trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Id.* at 11.

- It further admonished that "trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.*

- Finally, and most significantly for purposes of the instant fee application, it further hemmed in the appellate courts' ability to second guess a decision on a fee application, ruling that "appellate courts must give substantial deference to these determinations, in light of the district court's superior understanding of the litigation." *Id.*

- Driving this last point home, the Supreme Court further noted that "[w]e can hardly think of a sphere of judicial decision making in which appellate micromanagement has less to recommend it." *Id.*

This ruling relates directly to the scrutiny that the instant fee application has received from this Court and the Court of Appeals for the Second Circuit.

Specifically, I respectfully submit that the Court, in twice passing on the fee application that I submitted, used its unique position for observing the entire litigation to achieve the "rough justice" highlighted by the *Fox* court as the overarching goal of fee decisions. Twice this Court has noted its familiarity with the instant litigation and my deep involvement in it. Twice this Court has used its "overall sense of [the] suit" to estimate the appropriate total fees. Respectfully, the Court's approach was completely consonant with the Supreme Court's approach in *Fox* and the Second Circuit's remand was not. The Second Circuit, in undoing the December 1, 2010 decision of this Court engaged in precisely the kind of "appellate micromanagement" that the *Fox* court strongly condemned. *Fox*, Slip Op. at 13. As the Supreme Court even held that fee litigation is a particularly inappropriate sphere for such second guessing, I submit that this decision provides ample support for the reinstatement of the Court's December 1, 2010 decision and order.

Respectfully submitted,

Thomas P. Puccio

Cc:  Deborah A. Brenner
     Senior Counsel

2